IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOAN WISNIEWSKI, | ) | |
| | ) | |
| Plaintiff, | ) | **FILED: MAY 14, 2008** |
| | ) | Case No.:  08CV2793        PH |
| v. | ) | |
| | ) | Judge: |
| ASSET ACCEPTANCE CAPITAL CORP., a | ) | JUDGE LEFKOW |
| Delaware Corporation, ASSET ACCEPTANCE, | ) | MAGISTRATE JUDGE SCHENKIER |
| LLC, a subsidiary and agent of ASSET | ) | |
| ACCEPTANCE CAPITAL CORP., and | ) | |
| SANJAY S. JUTLA and ALLEN GUNN, | ) | |
| individually and as employees and agents for | ) | |
| ASSET ACCEPTANCE, LLC, a subsidiary and | ) | |
| agent of ASSET ACCEPTANCE CAPITAL | ) | |
| CORP., | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION:

Defendants, ASSET ACCEPTANCE CAPITAL CORP., ASSET ACCEPTANCE, LLC,

SANJAY S. JUTLA and ALLEN GUNN, by their attorneys, David M. Schultz and Jennifer W.

Weller, hereby file this Notice of Removal of the above-captioned action from the Circuit Court

of Cook County, Illinois, where the action is now pending, to the United States District Court for

the Northern District of Illinois as provided by 28 U.S.C. §§1441 and 1446.  In support of this

Notice, defendants state as follows:

1.    The plaintiff, Joan Wisniewski, commenced the case against Defendants on April

10, 2008.  The case bears the same title as above and is docketed in the Circuit Court of Cook

County, Illinois, County Department – Law Division, as case number 08 L 3933.

2.    Allen Gunn and Sanjay Jutla received service of the Summons and Complaint on

April 15, 2007 and Asset Acceptance LLC received service of the Summons and a Complaint on

April 17, 2007.  Asset Acceptance Capital Corp has not yet been served.  Copies of the Summons and Complaint are attached hereto as Exhibit A.

3.      This Notice of Removal is being filed within thirty (30) days after the simultaneous receipt of a Summons and Complaint by those defendants that have been served and therefore is timely filed pursuant to 28 U.S.C. § 1446(b).

4.      The case may be removed to this Court pursuant to 28 U.S.C. § 1441(b),(c).  This case is a civil action for which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1331.

5.      Plaintiff asserts claims against defendants pursuant to the Fair Debt Collection Practices Act, 15 USC §1692, et. seq. (Count I).  While plaintiff also asserts claims under the Illinois Collection Agency Act (Count II), Civil Conspiracy (Count III) and Malicious Prosecution (Count IV), all claims may be removed pursuant to 28 U.S.C. §1441(c).  Since the court has original jurisdiction over plaintiff's Fair Debt Collection Practices Act claim, this action may be removed.

6.      Notice of the filing of this Notice of Removal will be given promptly to all adverse parties and a copy of this Notice of Removal will be filed with the Clerk of the Circuit Court of Cook County as required by 28 U.S.C. § 1446.

7.      By filing this Notice of Removal, Asset Acceptance Capital Corp., Asset Acceptance, LLC, Sanjay Jutla and Allen Gunn do not waive any defense that may be available to them.

2

WHEREFORE, Defendants, ASSET ACCEPTANCE CAPITAL CORP., ASSET ACCEPTANCE, LLC, SANJAY S. JUTLA and ALLEN GUNN respectfully remove this case to the United States District Court for the Northern District of Illinois, Eastern Division.

Respectfully submitted,

HINSHAW & CULBERTSON LLP

By: s/Jennifer W. Weller
     Jennifer W. Weller

David M. Schultz
Jennifer W. Weller
Hinshaw & Culbertson LLP
222 N. LaSalle, Suite 300
Chicago, IL 60601
312-704-3000

6318510v1 887910

08CV2793  PH
JUDGE LEFKOW
MAGISTRATE JUDGE SCHENKIER

# EXHIBIT A

| | |
|---|---|
| 2120 – Served | 2121 – Served |
| 2220 – Not Served | 2221 – Not Served |
| 2320 – Served By Mail | 2321 – Served By Mail |
| 2420 – Served By Publication | 2421 – Served By Publication |
| SUMMONS | ALIAS - SUMMONS |

(Rev.1/2/01) CCG 0001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, _____ LAW _____ DIVISION

(Name all parties)

JOAN WISNIEWSKI

Plaintiff,

No. 08 L 003933

**PLEASE SERVE:**
SEE ATTACHED SERVICE LIST

v.

ASSET ACCEPTANCE CAPITAL CORP., a Delaware Corporation;
ASSET ACCEPTANCE, LLC,a subsidiary and agent of ASSET
ACCEPTANCE CAPITAL CORP., SANJAY S. JUTLA and ALLEN GUNN,
individually and as employees and agents for ASSET ACCEPTANCE, LLC,
a subsidiary and agent of ASSET ACCEPTANCE CAPITAL CORP.

Defendants

### SUMMONS

To each defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is
hereto attached, or otherwise file your appearance, and pay the required fee, in the office of the Clerk of this Court at
the following location:

☐ Richard J. Daley Center, 50 W. Washington, Room __801__, Chicago, Illinois 60602

☐ ~~District 2 – Skokie~~ ☐ ~~District 3 – Rolling Meadows~~ ☐ ~~District 4 – Maywood~~
~~5600 Old Orchard Rd.~~ ~~2121 Euclid~~ ~~1500 Maybrook Ave.~~
~~Skokie, IL 60077~~ ~~Rolling Meadows, IL 60008~~ ~~Maywood, IL 60153~~

☐ ~~District 5 – Bridgeview~~ ☐ ~~District 6 – Markham~~
~~10220 S. 76th Ave.~~ ~~16501 S. Kedzie Pkwy.~~
~~Bridgeview, IL 60455~~ ~~Markham, IL 60426~~

You must file within 30 days after service of this summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF
REQUESTED IN THE COMPLAINT.

To the officer:

This summons must be returned by the officer or other person to whom it was given for service, with
endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall
be returned so endorsed. This summons may not be served later than 30 days after its date.

| | | |
|---|---|---|
| Atty. No.: | 22858 | WITNESS, _____ |
| Name: | James E. Wisniewski | DOROTHY BROWN  APR 10 2008 |
| Atty. for: | Plaintiff | |
| Address: | P.O. Box 2295 | Clerk of Court |
| City/State/Zip: | Orland Park, Illinois 60462 | Date of service: __15 April__ |
| Telephone: | 708.590-6671 | (To be inserted by officer on copy left with defendant or other person) |

Service by Facsimile Transmission will be accepted at: _____

(Area Code)    (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

JOAN WISNIEWSKI

                Plaintiff

         vs.

ASSET ACCEPTANCE CAPITAL CORP.,
a Delaware Corporation;
ASSET ACCEPTANCE, LLC, a subsidiary  and
agent of ASSET ACCEPTANCE CAPITAL CORP.,
and SANJAY S. JUTLA and ALLEN GUNN,
individually and as employees and agents for
ASSET ACCEPTANCE, LLC, a subsidiary and
agent of ASSET ACCEPTANCE CAPITAL CORP.
                   Defendants

Case No.: **081003933**

## COMPLAINT

      NOW COMES the Plaintiff JOAN WISNIEWSKI who brings this action to secure redress against the unlawful collection practices engaged in by the defendants, ASSET ACCEPTANCE CAPITAL CORP., ASSET ACCEPTANCE, LLC., and SANJAY S. JUTLA and ALLEN GUNN, individually and as employees and agents for ASSET ACCEPTANCE, LLC.  Plaintiff alleges numerous violations of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. ("FDCPA"),  as well as the Illinois Collection Agency Act, civil conspiracy and malicious prosecution.

## JURISDICTION AND VENUE

      1.      This Court has jurisdiction pursuant to 15 U.S.C. 1692k(d) of the Fair Debt Collection Practices Act, as state courts are granted concurrent jurisdiction with that of federal courts to hear claims alleging a violation of the Fair Debt Collection Practices Act.

2.    Venue is proper in this because the acts and transactions that give rise to this action occurred in Cook County.   Venue is also proper in this district because the defendant has an office in this county, is transacting their collection business in this county from that office, and as part of transacting that business the defendant has filed two lawsuits against the plaintiff in the Circuit Court of Cook County.

## ALLEGATIONS COMMON TO ALL COUNTS

3.    Plaintiff, Joan Wisniewski, is a natural person residing in the Village of Orland Park, County of Cook, State of Illinois.

4.    Defendant, Asset Acceptance Capital Corp.  is a national corporation incorporated in the State of Delaware with its headquarters located at 28405 Van Dyke Avenue in Warren, Michigan and has numerous subsidiaries consisting of AAC Investors, Inc., RBR Holding Corp. and Asset Acceptance Holdings, LLC and subsidiaries, Asset Acceptance, LLC, Rx Acquisitions, LLC and Consumer Credit, LLC., and these subsidiaries do business in various states including Illinois.

5.    Defendant, Asset Acceptance, LLC., is a limited liability company and is one of the aforementioned subsidiaries of Asset Acceptance Capital Corp, and also has its headquarters located at 28405 Van Dyke Avenue in Warren, Michigan, but is also registered to do business in the State of Illinois.   Asset Acceptance, LLC., maintains offices throughout the United States, including an office at 55 E. Jackson Blvd. in the City of Chicago

6.    Defendant, Asset Acceptance Capital Corp., is engaged in the purchase and collection of defaulted and charged-off accounts receivable portfolios acquired from consumer credit originators, primarily credit card issuers, and then assigns those account receivable portfolios to its various subsidiaries to renegotiate settlement of the debts in place of the

2

original creditor. The subsidiaries of Asset Acceptance Capital Corp. then use various methods including call centers and account rep collectors who call and write the alleged debtor, as well as various attorneys who file lawsuits against alleged debtors to collect on these receivables.

7.    The Defendants, Asset Acceptance Capital Corp. and Asset Acceptance, LLC., also use both in house attorneys and outside attorneys who at the direction of both Asset Acceptance Capital Corp. and Asset Acceptance, LLC.,  file lawsuits against alleged debtors to collect on these receivables.

8.    That all times relevant, Allen Gunn, was and still is, an attorney licensed to practice law in the State of Illinois and was employed in the law department of the Asset Acceptance LLC., in their Chicago office located at 55 E. Jackson Blvd., and in charge of and the supervising attorney of Sanjay S. Jutla.

9.    That all times relevant, Sanjay S. Jutla, was and still is an attorney licensed to practice law in the State of Illinois and was employed in the law department of the Asset Acceptance LLC., in their Chicago office located at 55 E. Jackson Blvd., as a staff attorney.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT

10.    The plaintiff, Joan Wisniewski, is a consumer as defined under the Fair Debt Collection Practices Act.

11.    The nature of the business of the defendant, Asset Acceptance Capital Corp. is the purchasing charged-off consumer debt from credit issuers at substantial discount,  then assigning one of its subsidiaries, here the co-defendant - Asset Acceptance, LLC., to recover the full value of that debt from the consumer for the benefit of Asset Acceptance Capital Corp. Under 15 USC 1692a(6)of the FDCPA, a "debt collector" is any person who uses any

3

instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.   The aforementioned conduct engaged in by both Asset Acceptance Capital Corp. and Asset Acceptance, LLC., make both  of them a "debt collector" as that term is defined by Section 1692a(6) of the Fair Debt Collection Practices Act.   Moreover, a person who regularly collects debts for another is a debt collector, even if he purchases a defaulted debt from another for the purpose of collection on his own behalf.

12.     Defendant, Asset Acceptance Capital Corp., as part of its business purchased charged-off consumer debt from Providian Bank; included in this purchased charged-off consumer debt was an account for a charge card issued to the plaintiff.   The defendant, Asset Acceptance Capital Corp., then assigned the file of the plaintiff to its subsidiary, the Asset Acceptance, LLC., to recover  the full value of that debt from the plaintiff.

13.     After being assigned the file the co-defendant, Asset Acceptance, LLC. employed and retained the law firm of McMahan & Sigunick, to begin legal proceedings against the Plaintiff Joan Wisniewski, to recover the full value of that debt.   On December 30, 2004, McMahan & Sigunick, filed a lawsuit against this same plaintiff, Joan Wisniewski, on behalf of Asset Acceptance, LLC., in the Circuit Court of Cook County, under case number 04 M1 188227, seeking to recover $2,306.00.

14.     After being served with an alias summons, Joan Wisniewski, on February 10, 2005, presented a 735 ILCS 5/2-619(a) motion to dismiss that lawsuit.   Arthur T. Bernstein from the law firm of McMahan & Sigunick, representing Asset Acceptance, LLC requested the Court set a briefing schedule on the motion to dismiss.   Judge Clare Elizabeth McWilliams, pursuant to that request, set a briefing schedule, giving Asset Acceptance, LLC and their attorneys 30 days to

4

file their response and 14 days for Joan Wisniewski to file her reply. The matter was set for hearing on April 14, 2005.

15.    Asset Acceptance, LLC and their attorneys never filed a response to the 2-619 motion to dismiss and instead elected to stand on the complaint. On April 14, 2005, when this matter came on to be heard, Asset Acceptance, LLC., through their attorney admitted that they did not file a response to the motion and instead elected to stand on the complaint and did not object to the motion nor did they request a continuance so that they could file a response; Judge Thomas M. Donnelly then granted Joan Wisniewski's motion to dismiss and dismissed that lawsuit.

16.    On April 14, 2005, when that lawsuit was dismissed, the law in Illinois, was and still is, that a dismissal made pursuant to 735 ILCS 5/2-619(a) is an involuntary dismissal as stated in Illinois Supreme Court Rule 273, and thus constitutes an adjudication of the merits and is a final order.

17.    Subsequent to the entry of the dismissal order on April 14, 2005, neither Asset Acceptance, LLC or their attorneys filed a motion asking the Court to reconsider its dismissal, nor did they file a notice of appeal, appealing the Courts dismissal order; rather, Asset Acceptance, LLC and their attorneys accepted that dismissal order and let it stand unchallenged.

18.    That the legal effect of the April 14th dismissal order terminated forever any claim for money that either Asset Acceptance Capital Corp. and Asset Acceptance, LLC., may have had against Joan Wisniewski.

19.    After the lawsuit filed by Asset Acceptance, LLC against Joan Wisniewski had been dismissed, the defendants, Asset Acceptance Capital Corp. and Asset Acceptance, LLC., knowingly and intentionally devised and implemented a plan which was designed to ignore and disregard a valid dismissal order. The corporate plan devised by these defendants, which may

5

also be part of the corporate strategy employed against other individuals similarly situated to that of this plaintiff, was to have its call centers engage in a continuous pattern of conduct by continually telephoning the plaintiff which was designed to harass and coerce her into believing that she still owed Asset Acceptance, LLC., the $2,306.00 sought in their lawsuit, despite the fact that said lawsuit had already been dismissed, all of which was in violation of Fair Debt Collection Practices Act, 15 USC Section 1692, specifically Section 1692(e)(2)(A).

20.    These defendants by and through their employees had its call centers and account rep collectors engage in a continuous non stop campaign of harassment and repeated collection activities designed and calculated to harass, abuse and coerce the plaintiff, Joan Wisniewski, by portraying the debt as still being owed despite knowing that was untrue, all in violation of Fair Debt Collection Practices Act, 15 USC Section 1692, specifically Section 1692(e)(2)(A).

21.    The aforementioned illegal activity began on June 1, 2005, when an individual who identified himself as Mr. Brooks, an employee of Asset Acceptance, calling from one of the defendants call centers, telephoned the plaintiff at her home and left a voice mail message to call him to make arrangements to pay $2,312.30 and left a toll free number for the plaintiff to call. That even after Asset Acceptance's lawsuit was dismissed in favor of the plaintiff, these defendants illegally added interest to the amount they were seeking to collect from the plaintiff and then demanded that she pay it.

22.    The June 1, 2005 telephone call was followed up with a letter from Mr. Brooks dated June 15, 2005 to make payment arrangements to pay the amount owed. The plaintiff, Joan Wisniewski, knowing the case had been dismissed ignored the telephone call and the letter believing that Asset Acceptance had not yet updated their files.

23.    On June 28, 2005, Mr. Brooks, an employee of Asset Acceptance, calling from one of the defendants call centers again telephoned the plaintiff at her home and left a voice

6

mail message to call him to make payment arrangements to pay $2,312.30, again leaving the toll free telephone number.    The plaintiff, Joan Wisniewski, on June 28th returned Mr. Brooks' telephone call and informed Mr. Brooks that he should either speak with the company's attorneys since the matter had been resolved in Court and the Asset Acceptance lawsuit had been dismissed.  Mr. Brooks, an Asset Acceptance employee, stated that "it didn't matter what happened in Court" until Asset Acceptance is paid in full or she makes satisfactory payment arrangements to pay the amount in full she still owes the money and she should expect to continue to get telephone calls, at which time the plaintiff refused to make any payments and hung up.

24.    Asset Acceptance was told by the plaintiff, Joan Wisniewski, in the June 28th telephone conversation with Mr. Brooks that the matter had been resolved in Court. Despite this, the plaintiff then received another letter from the Asset Acceptance, dated July 1, 2005; this letter offered to take $1,156.15 in lieu of the $2,312.30, this despite the fact that Asset Acceptance knew the case filed had already been dismissed and that the plaintiff did not legally owe them any money.

25.    On July 13, 2005, Mr. Brooks, an employee of Asset Acceptance, again telephoned the plaintiff and left her a voice mail message stating that Asset Acceptance had sent her a letter offering to compromise their claim and take   $1,156.15 in lieu of the $2,312.30, and urging her to call him make arrangements to accept this offer as it was a one time offer, despite knowing that Asset Acceptance not entitled was not entitled to $1,156.15 or $2,312.30 or any other amount because of the dismissal order entered in their lawsuit.

26.    On August 1, 2005, Asset Acceptance sent the plaintiff, Joan Wisniewski, yet another letter. This one now demanded that she pay the $2,312.30, except now she was to call a Dave Smith.

27.     On August 8, 2005, the plaintiff called Asset Acceptance at the toll free number and told them to stop harassing her because the case against her had been dismissed and with that dismissal order she didn't owe them any money and no payment arrangements would be made, and she was again told that she would keep receiving telephone calls until she paid the $2,312.30. Thereafter, the plaintiff began receiving weekly telephone calls at home, sometimes involving multiple calls per week, demanding that she pay the $2,312.30. This repeated collection activity that was designed and calculated to abuse and coerce the plaintiff, Joan Wisniewski, in violation of Fair Debt Collection Practices Act, 15 USC Section 1692, specifically Section 1692(e)(2)(A) by making false representations of the character or legal status of any debt by demanding payment when they knew there had already been a legal adjudication on the merits.

28.     That as part of this co-coordinated corporate campaign of harassment, Asset Acceptance Capital Corp. and Asset Acceptance instructed their in house attorneys to re-file its lawsuit against the plaintiff, Joan Wisniewski. On August 20, 2005, Asset Acceptance's in house attorneys, Allen Gunn and Sanjay S. Jutla, filed that second lawsuit against the plaintiff, Joan Wisniewski, titled "Verified Complaint at Law", which was also filed in the Circuit Court of Cook County, in the Municipal Department of the First District under case number 05 M1 158260. However, Asset Acceptance's attorneys did not disclose the fact that this was a refilled lawsuit; rather, they portrayed this as an original filing. That Asset Acceptance's in house attorneys, Allen Gunn and Sanjay S. Jutla, knew at the time they filed this "Verified Complaint at Law" that this lawsuit was without merit as the claim extinguished as a result of the dismissal order entered on April 14, 2005 by Judge Thomas M. Donnelly.

29.     The plaintiff, Joan Wisniewski, was served with summons and her copy of that lawsuit on February 20, 2006, six months Asset Acceptance had filed that second lawsuit. All

8

during this time, Asset Acceptance continued to harass the plaintiff with weekly telephone calls, as well as letters to coerce her into paying them.

30.     That after being served with summons in the aforementioned lawsuit, Joan Wisniewski filed her appearance and jury demand in case number 05 M1 158260, and mailed a copy of said appearance and jury demand to Asset Acceptance's attorneys. That because a jury demand was filed in this matter, lawsuit 05 M1 158260, was transferred from Courtroom 1110 to the Jury call in Courtroom 1501 and set for a status hearing at 10:00 a.m. on April 10, 2006. The plaintiff appeared through her attorney at the status hearing, but Asset Acceptance's attorneys did not appear and their lawsuit was dismissed for want of prosecution by Judge Michael Thomas Healy.

31.     Despite the fact that Asset Acceptance's re-filed lawsuit had also been dismissed, Asset Acceptance through their employees still had its call centers and account rep collectors continue to telephone the plaintiff demanding payment on a weekly basis. This repeated collection activity that was designed and calculated to abuse and coerce the plaintiff, Joan Wisniewski, in violation of Fair Debt Collection Practices Act, 15 USC Section 1692, specifically Section 1692(e)(2)(A) by making false representations of the character or legal status of any debt by demanding payment when they knew there had already been a legal adjudication on the merits.

32.     On June 28, 2006, Asset Acceptance, by and through their in house attorney, Sanjay S. Jutla,  presented a motion to correct the record, which in part stated that motion was "brought within 60 days of the dismissal", the motion which was denied by Judge Laurence Dunford.   Judge Dunford ruled that Asset Acceptance's motion although labeled a motion to correct the record,  the record was in fact correct, and Asset Acceptance's motion was really a motion to vacate a DWP {dismissal for want of prosecution} and as such was not timely filed, since it must be filed within 30 days not 60 days.   Judge Dunford's order stated that if Asset

Acceptance wished to move to vacate the dismissal order, they would have to do so pursuant to the requirements 735 ILCS 5/2-1401.    Asset Acceptance's attorney, Sanjay S. Jutla, the attorney who  presented the motion denied by Judge Dunford received a copy of Judge Dunford's order.

33.    That even after Asset Acceptance's motion was denied, their employees still continued to telephone the plaintiff on a weekly basis demanding payment.

34.    On September 27, 2006, five months after the case was dismissed for want of prosecution, and three months after Judge Dunford denied the "motion to correct the record" Asset Acceptance, by and through their in house attorney, Sanjay S. Jutla, presented a  motion to dismiss without prejudice a lawsuit that had already been dismissed, a dismissal that Sanjay Jutla unsuccessfully attempted to vacate.  Asset Acceptance and their employee Sanjay S. Jutla knowingly misrepresented the facts concerning the status of the case to the Court, so as to obtain an order which created the false impression that they voluntarily dismissed the lawsuit. To obtain this order, Asset Acceptance, by and through their in house attorney, Sanjay S. Jutla, had to manipulate the system and presented the  motion in Courtroom 1110, despite knowing that because of the jury demand, the case had been transferred to Courtroom 1501, the same courtroom where Asset Acceptance, and by Sanjay S. Jutla, had presented their motion which was previously denied by Judge Dunford.  Likewise, this motion was presented without  notice to either the plaintiff's attorney or the plaintiff, despite an attorney appearance and jury demand being on file for the plaintiff. The plaintiff's attorney would have informed the court about the true facts,  which is why Asset Acceptance did not send out notice.    After Asset Acceptance obtained their fraudulent order on September 27, 2006, their employees resumed their  harassing telephone calls to the plaintiff demanding payment she contact them and make arrangements to pay them; these telephone calls are  continuing.

10

35.    That the actions of the defendants, Asset Acceptance Capital Corp., and their subsidiary, the Asset Acceptance, LLC., set forth in the preceding paragraphs 19 thru 34 constitute violations of the federal Fair Debt Collection Practices Act, specifically Section 1692(e)(2)(A), Section 1692(e) (5), Section 1692(e)(8) and Section 1692(d) and 1692(f) for which the defendants, Asset Acceptance Capital Corp., and their subsidiary, the Asset Acceptance, LLC., are statutorily liable to the plaintiff, Joan Wisniewski for statutory damages in the amount of One Hundred and Seventy Thousand {$170,000.00} Dollars plus attorney fees and costs.

36.    That as a direct and proximate result of the actions of the defendants, Asset Acceptance Capital Corp., and their subsidiary, the Asset Acceptance, LLC., plaintiff has also suffered humiliation, embarrassment and mental anguish all to the plaintiff's damage for which the plaintiff, Joan Wisniewski, also seeks compensatory damages in excess of One Hundred Thousand ($100,000.00) Dollars.

**WHEREFORE**, the plaintiff, Joan Wisniewski, prays that a judgment be entered against the defendants, Asset Acceptance Capital Corp., and their subsidiary, the Asset Acceptance, LLC., for the statutory damages provided under 15 U.S.C. 1692k in the amount of One Hundred and Seventy Thousand {$170,000.00} Dollars; compensatory damages in excess of One Hundred Thousand ($100,000.00) Dollars; attorney fees and litigation expenses and costs incurred in bringing this action, as well as any other relief that this Court deems appropriate and just under the circumstances.

## COUNT II

### ILLINOIS COLLECTION AGENCY ACT

11

37 .    That under 225 ILCS 425/2  the plaintiff, Joan Wisniewski, as a natural person from whom a debt collector seeks to collect a consumer debt is covered by and protected by the  Illinois Collection Agency Act.

38.    The nature of the business of the defendant, Asset Acceptance Capital Corp. is the purchasing charged-off consumer debt from credit issuers  at substantial discount, then assigning one of its subsidiaries, here the co-defendant - Asset Acceptance, LLC., to recover the full value of that debt from the consumer for the benefit of Asset Acceptance Capital Corp. Under 225 ILCS 425/2  a "debt collector is any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection." The aforementioned conduct engaged in by both Asset Acceptance Capital Corp.  and Asset Acceptance, LLC., make both  of them a "debt collector" as that term is defined by Section 2 of the Illinois Collection Agency Act.    The Illinois Collection Agency Act also accepts the federal Fair Debt Collection Practices Act definition that a person who regularly collects debts for another is a debt collector, even if he purchases a defaulted debt from another for the purpose of collection on his own behalf.

39.    Plaintiff incorporates by reference and re-alleges paragraph 12 of Count I, as paragraph  39 of Count II as if fully set forth herein.

40.    Plaintiff incorporates by reference and re-alleges paragraph 13 of Count I, as paragraph  40 of Count II as if fully set forth herein.

41.    Plaintiff incorporates by reference and re-alleges paragraph 14 of Count I, as paragraph  41 of Count II as if fully set forth herein.

42.    Plaintiff incorporates by reference and re-alleges paragraph 15 of Count I, as paragraph  42 of Count II as if fully set forth herein.

43.    Plaintiff incorporates by reference and re-alleges paragraph 16 of Count I, as paragraph 43 of Count II as if fully set forth herein.

44.    Plaintiff incorporates by reference and re-alleges paragraph 17 of Count I, as paragraph 44 of Count II as if fully set forth herein.

45.    Plaintiff incorporates by reference and re-alleges paragraph 18 of Count I, as paragraph 45 of Count II as if fully set forth herein.

46.    Plaintiff incorporates by reference and re-alleges paragraph 19 of Count I, as paragraph 46 of Count II as if fully set forth herein.

47.    Plaintiff incorporates by reference and re-alleges paragraph 20 of Count I, as paragraph 47 of Count II as if fully set forth herein.

48.    Plaintiff incorporates by reference and re-alleges paragraph 21 of Count I, as paragraph 48 of Count II as if fully set forth herein.

49.    Plaintiff incorporates by reference and re-alleges paragraph 22 of Count I, as paragraph 49 of Count II as if fully set forth herein.

50.    Plaintiff incorporates by reference and re-alleges paragraph 23 of Count I, as paragraph 50 of Count II as if fully set forth herein.

51.    Plaintiff incorporates by reference and re-alleges paragraph 24 of Count I, as paragraph 51 of Count II as if fully set forth herein.

52.    Plaintiff incorporates by reference and re-alleges paragraph 25 of Count I, as paragraph 52 of Count II as if fully set forth herein.

53.    Plaintiff incorporates by reference and re-alleges paragraph 26 of Count I, as paragraph 53 of Count II as if fully set forth herein.

54.    Plaintiff incorporates by reference and re-alleges paragraph 27 of Count I, as paragraph 54 of Count II as if fully set forth herein.

55.    Plaintiff incorporates by reference and re-alleges paragraph 28 of Count I, as paragraph 55 of Count II as if fully set forth herein.

56.    Plaintiff incorporates by reference and re-alleges paragraph 29 of Count I, as paragraph 56 of Count II as if fully set forth herein.

57.    Plaintiff incorporates by reference and re-alleges paragraph 30 of Count I, as paragraph 57 of Count II as if fully set forth herein.

58.    Plaintiff incorporates by reference and re-alleges paragraph 31 of Count I, as paragraph 58 of Count II as if fully set forth herein.

59.    Plaintiff incorporates by reference and re-alleges paragraph 32 of Count I, as paragraph 59 of Count II as if fully set forth herein.

60.    Plaintiff incorporates by reference and re-alleges paragraph 33 of Count I, as paragraph 60 of Count II as if fully set forth herein

61.    Plaintiff incorporates by reference and re-alleges paragraph 34 of Count I, as paragraph 61 of Count II as if fully set forth herein

62.    That actions the defendants, Asset Acceptance Capital Corp., and their subsidiary, the Asset Acceptance, LLC., set forth in the preceding  paragraphs 46 thru 61 constitute in addition to being violations of the federal Fair Debt Collection Practices Act, specifically Section 1692(e)(2)(A), Section 1692(e) (5), Section 1692(e)(8) and Section 1692(d) and 1692(f)  also constitute a violation of Section 9 of the Illinois Collection Agency Act, specifically subsections 15, 16, 17, 18, 20, 26 & 27, for which the defendants, Asset Acceptance Capital Corp., and their subsidiary, the Asset Acceptance, LLC., are statutorily liable to the plaintiff, Joan Wisniewski, for statutory damages in the amount of One Hundred  and Seventy Thousand {$170,000.00} Dollars plus attorney fees and costs.

63.    That as a direct and proximate result of the actions of the defendants, Asset Acceptance Capital Corp., and their subsidiary, the Asset Acceptance, LLC., plaintiff has also suffered humiliation, embarrassment and mental anguish all to the plaintiff's damage  for which

14

the plaintiff, Joan Wisniewski also seeks compensatory damages in excess of One Hundred Thousand ($100,000.00) Dollars.

**WHEREFORE**, the plaintiff, Joan Wisniewski, prays that a judgment be entered against the defendants, Asset Acceptance Capital Corp., and their subsidiary, the Asset Acceptance, LLC., for the statutory damages provided under 15 U.S.C. 1692k in the amount of One Hundred and Seventy Thousand  {$170,000.00} Dollars; compensatory damages in excess of One Hundred Thousand ($100,000.00) Dollars; attorney fees and litigation expenses and costs incurred in bringing this action, as well as any other relief that this Court deems appropriate and just under the circumstances.

## COUNT III

### CIVIL CONSPIRACY

64-88.    Plaintiff incorporates by reference and re-alleges paragraphs 10 thru 34 of Count I, as paragraphs  64  thru 88 of Count III as if fully set forth herein.

89.    That Asset Acceptance Capital Corp., and their subsidiary, the Asset Acceptance, LLC., conspired to have the various employees of Asset Acceptance, LLC., defraud the  plaintiff, Joan Wisniewski,  by attempting to collect an alleged debt from her despite knowing said debt was extinguished as a result of the dismissal order entered on April 14, 2005 by  Judge Thomas M. Donnelly.

90.    The defendants, Asset Acceptance Capital Corp., and their subsidiary, the Asset Acceptance, LLC., then conspired to have the in house attorneys from Asset Acceptance, LLC., the defendants, Allen Gunn and Sanjay S. Jutla, to re-file the exact same lawsuit that had previously been dismissed.    The defendants  and co-conspirators, Allen Gunn and Sanjay S. Jutla,  knew at the time they filed this "Verified Complaint at Law" that this lawsuit was without

15

merit, as the claim extinguished as a result of the dismissal order entered on April 14, 2005 by Judge Thomas M. Donnelly, but despite that knowledge permitted a "Verified Complaint at Law" to be filed, the effect of such verification is that the statements in the complaint are "true and correct" when they knew this to be false.    That defendants  and co-conspirators, Allen Gunn and Sanjay S. Jutla, as attorneys had an additional duty under Supreme Court Rule 137 to insure that the complaint they were filing was "well grounded in fact" and "not interposed for any improper purpose, such as to harass" a duty they clearly knew they were violating.

91.    Then after the re-filed lawsuit had been dismissed for want of prosecution and the motion to vacate that  dismissal had been denied, all of these defendants conspired to enter an order of voluntary dismissal on the refiled lawsuit.   To obtain this order the co-conspirators, Allen Gunn and Sanjay S. Jutla, presented the motion not in the courtroom 1501, but in the original courtroom, Courtroom 1110, to which the case was assigned before it was transferred to 1501.  On September 27, 2006, these defendants and co-conspirators, Allen Gunn and Sanjay S. Jutla, conspired with unknown parties to insure the original court file was short so as the Judge to whom they would present their motion would not have the original court file and be able to see that the case had been transferred to 1501 or that there was a DWP which had not been vacated, thereby insuring the entry of the voluntary dismissal order.   That approximately 2-3 weeks after that order was obtained the plaintiff again began receiving telephone from the various employees of Asset Acceptance, LLC., attempt to collect the alleged debt from the plaintiff.

92.    The actions of all of these defendants were willful and intentional or in reckless disregard of the rights of the plaintiff, Joan Wisniewski.

93.    That Asset Acceptance Capital Corp. and their subsidiary, the Asset Acceptance, LLC., along with various employees of Asset Acceptance, LLC., including but not limited to their in house attorneys Allen Gunn and Sanjay S. Jutla, conspired to collect a debt that did not

16

legally exist and thereby participated in the unlawful harassment and collection efforts against the plaintiff, Joan Wisniewski.

94.     That as a direct and proximate result of the actions of the defendants, Asset Acceptance Capital Corp., and their subsidiary, the Asset Acceptance, LLC., Allen Gunn and Sanjay S. Jutla, that their conduct described above has caused the plaintiff damages, both physical and emotional, as well as aggravation and inconvenience, mental distress, and other incidental and consequential damages awarding her compensatory damages in excess of One Hundred Thousand ($100,000.00) Dollars.

95.     The conduct described above in seeking to collect a debt they know is invalid and harassing the plaintiff by manipulating the legal system to create the impression of a valid debt warrants the imposition of punitive damages in an amount sufficient to deter and punish such actions by all of these defendants acting in concert.

**WHEREFORE**, the plaintiff, Joan Wisniewski, prays that a judgment be entered against the defendants, Asset Acceptance Capital Corp., and their subsidiary, the Asset Acceptance, LLC., Sanjay S. Jutla and Allen Gunn, individually and as employees and agents for ASSET ACCEPTANCE, LLC. for compensatory damages in excess of One Hundred Thousand ($100,000.00) Dollars; punitive damages to be determined at trial, attorney fees and litigation expenses and costs incurred in bringing this action, as well as any other relief that this Court deems appropriate and just under the circumstances.

## COUNT IV

### MALICIOUS PROSECUTION

96.     Defendant, Asset Acceptance Capital Corp., as part of its business purchased charged-off consumer debt from Providian Bank, included in this purchased charged-off

17

consumer debt was an account for a charge card issued to the plaintiff.    The defendant, Asset Acceptance Capital Corp., then assigned the file of the plaintiff to its subsidiary, the Asset Acceptance, LLC., to recover  the full value of that debt from the plaintiff.

97.    After being assigned the file, the co-defendant, Asset Acceptance, LLC. employed and retained the law firm of McMahan & Sigunick, to begin legal proceedings against the plaintiff, Joan Wisniewski, to recover the full value of that debt.

98. On December 30, 2004, McMahan & Sigunick, filed a lawsuit against this same defendant, Joan Wisniewski, in the Circuit Court of Cook County, under case number 04 M1 188227, seeking to recover $2,306.00,  because of monies allegedly owed Providian Bank from a charge card issued to her and  in that lawsuit Asset Acceptance, LLC.  was named the plaintiff.

99.    After being served with an alias summons, Joan Wisniewski, on February 10, 2005, presented a 735 ILCS 5/2-619(a) motion to dismiss that lawsuit.  Arthur T. Bernstein from the law firm of McMahan & Sigunick, representing Asset Acceptance, LLC  requested the Court set a briefing schedule on the motion to dismiss.  Judge Clare Elizabeth McWilliams, pursuant to that request set a briefing schedule, giving Asset Acceptance, LLC and their attorneys 30 days to file their response and 14 days for Joan Wisniewski to file her reply. The matter was set for hearing on April 14, 2005.

100.    Asset Acceptance, LLC  and their attorneys  never filed a  response to the  2-619 motion to dismiss and instead elected to stand on the complaint.  On April 14, 2005, when this matter came on to be heard, Asset Acceptance, LLC  through their attorney admitted that they did not file a response to the motion and instead elected to stand on the complaint and did not object to the motion nor did they request a continuance so that they could  file a response;  Judge Thomas M. Donnelly then granted Joan Wisniewski's motion to dismiss and dismissed that lawsuit.

18

101.    On April 14, 2005, when that lawsuit was dismissed, the law in Illinois, was and still is, that a dismissal made pursuant to 735 ILCS 5/2-619(a) is an involuntary dismissal and thus constitutes an adjudication of the merits and is a final order.

102.    Subsequent to the entry of the dismissal order on April 14, 2005, neither Asset Acceptance, LLC or their attorneys filed a motion asking the Court to reconsider its dismissal, nor did they appeal the Court's dismissal order; rather, Asset Acceptance, LLC and their attorneys let that dismissal order stand unchallenged as a binding order.

103.    That the legal effect of the April 14th dismissal order terminated any claim for money that either Asset Acceptance Capital Corp. and Asset Acceptance, LLC., may have had against Joan Wisniewski.

104.    After the lawsuit filed by Asset Acceptance, LLC against Joan Wisniewski had been dismissed, the defendants Asset Acceptance Capital Corp. and Asset Acceptance, LLC., who already had their day in Court and had lost, knowingly and intentionally chose to disregard and ignore the Court's dismissal order and continued to use the same purported grievance as a subterfuge for conducting their corporate crusade of harassment under the guise of rightful litigation in an attempt to coerce the plaintiff into paying a debt she did not legally owe.

105.    The defendants, Asset Acceptance Capital Corp. and Asset Acceptance, LLC., devised and engaged in an systematic, coordinated and ongoing campaign designed to harass and coerce Joan Wisniewski into paying money to these two defendants that she did not legally owe. These defendants by and through their employees had their call centers and account rep collectors engaged in series of repeated collection activity–weekly telephones calls to her home, as well as calling her at work, that were designed and calculated to harass the plaintiff, Joan Wisniewski, into paying money she did not legally owe.

106.    Then on August 20, 2005, as past of its coordinated ongoing harassment, the Chicago office of Asset Acceptance, LLC., by and through its in house attorneys, Sanjay Jutla,

19

and Allen Gunn, filed, without probable cause, another lawsuit against the plaintiff, Joan Wisniewski, for the same cause of action that had already been dismissed in April 14, 2005 by Judge Donnelly.    This second lawsuit was also filed in the Circuit Court of Cook County under case number 05 M1 158260 was "Verified Complaint at Law" despite knowing that this second lawsuit was without merit given the prior dismissal by  Judge Thomas M. Donnelly.

107.    That the defendants, Sanjay Jutla, and Allen Gunn, as Illinois attorneys were bound by the Illinois Rules of Professional Conduct as set forth in Illinois Supreme Court Rule 799 et. seq. as well as the additional duty under Supreme Court Rule 137 to insure that the complaint they were filing was "well grounded in fact" and "not interposed for any improper purpose." The defendants, Sanjay Jutla, and Allen Gunn, clearly knew they were violating their duty as attorneys in order to enable their employer Asset Acceptance, LLC. to use the Cook County Court system to apply additional pressure to coerce the plaintiff, Joan Wisniewski, into paying money on debt she did not owe as it was  previously extinguished on April 14, 2005.

108.    The plaintiff, Joan Wisniewski,  was  served with summons and her copy of that lawsuit on February 20, 2006, six months after Asset Acceptance  had filed that second lawsuit. During the time between re-filing the lawsuit and service of summons, employees of Asset Acceptance continued to harass the plaintiff with weekly telephone calls, as well as letters  and letters to coerce her into paying them.    This second lawsuit was a subterfuge to create the impression of a legitimate claim so Asset Acceptance  could continue to harass and coerce the plaintiff into paying a debt that had already been extinguished.

109.    The actions of all of these defendants were willful and intentional or in reckless disregard of the rights of the plaintiff, Joan Wisniewski, and done for the improper motive of coercing  the plaintiff into paying a debt that had already been extinguished.

110.    That as a direct and proximate of the actions of the defendants, Asset Acceptance Capital Corp., and their subsidiary, the Asset Acceptance, LLC., Allen Gunn and

Sanjay S. Jutla, that their conduct described above has caused the plaintiff damages, both physical and emotional, as well as aggravation and inconvenience, mental distress, and other incidental and consequential damages awarding her compensatory damages in excess of One Hundred Thousand ($100,000.00) Dollars.

111.    The conduct described  above in seeking to collect a debt they know is invalid and harassing the plaintiff by manipulating the legal system to create the impression of a valid debt warrants the imposition of punitive damages in an amount sufficient to deter and punish such actions by all of these defendants acting in concert.

**WHEREFORE**, the plaintiff, Joan Wisniewski, prays that a judgment be entered against the defendants, Asset Acceptance Capital Corp., and their subsidiary, the Asset Acceptance, LLC., Sanjay S. Jutla and Allen Gunn, individually and as employees and agents for ASSET ACCEPTANCE, LLC. for compensatory damages in excess of One Hundred Thousand ($100,000.00) Dollars; punitive damages to be determined at trial, attorney fees and litigation expenses and costs incurred in bringing this action, as well as any other relief that this Court deems appropriate and just under the circumstances.

JAMES F. WISNIEWSKI

James F. Wisniewski
P.O.Box 2295
Orland Park, Illinois 60462
708.590-6671
Attorney No. 22858

21

# SERVICE LIST

Please Serve the following Defendants:

ASSET ACCEPTANCE CAPITAL CORP., a Delaware Corporation
c/o Mark A. Redman – Vice President & Chief Financial Officer
28405 Van Dyke Avenue
Warren, Michigan 48093


ASSET ACCEPTANCE, LLC,
c/o their Registered Agent - C T CORPORATION SYSTEM
208 SO LaSalle Street
Suite 814
Chicago, Illinois 60604


SANJAY S. JUTLA
55 E. Jackson Blvd
16th Floor
Chicago, Illinois 60604


ALLEN GUNN
55 E. Jackson Blvd
16th Floor
Chicago, Illinois 60604

22