IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOAN WISNIEWSKI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:08-cv-02793 |
| v. | ) | |
| | ) | Judge Lefkow |
| ASSET ACCEPTANCE CAPITAL CORP., a | ) | |
| Delaware Corporation; ASSET ACCEPTANCE, | ) | Magistrate Judge Schenkier |
| LLC, a subsidiary and agent of ASSET | ) | |
| ACCEPTANCE CAPITAL CORP., and | ) | |
| SANJAY S. JUTLA and ALLEN GUNN, | ) | |
| individually and as employees and agents for | ) | |
| ASSET ACCEPTANCE, LLC, a subsidiary and | ) | |
| agent of ASSET ACCEPTANCE CAPITAL | ) | |
| CORP., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Defendants Asset Acceptance Capital Corp., Asset Acceptance, LLC, Sanjay Jutla and

Allen Gunn by and through their attorneys David M. Schultz and Jennifer W. Weller and for

their Memorandum in Support of their Motion to Dismiss pursuant to Federal Rule 12(b)(6) state

as follows:

## INTRODUCTION

Plaintiff alleges that defendants violated the Fair Debt Collection Practices Act,

("FDCPA"), Illinois Collection Agency Act ("ICAA"), and are liable for malicious prosecution

and civil conspiracy for filing a collection lawsuit against her ("second lawsuit") when the

Providian account at issue ("account") was allegedly extinguished by an earlier lawsuit ("first

lawsuit").  All four counts of plaintiff's complaint are premised on the alleged claim that the

dismissal of the first lawsuit was an adjudication on the merits and defendants were thereafter

barred from collecting the account.  However, the dismissal order, entered on April 14, 2005,

which was drafted by plaintiff's counsel, provides that the dismissal of the first lawsuit was

"without prejudice."  Accordingly, any claims that defendants violated the FDCPA, ICAA and engaged in malicious prosecution or civil conspiracy on the basis that the first lawsuit extinguished plaintiff's account must be dismissed.

Plaintiff's FDCPA claim (Count I) should further be dismissed because it is barred by a one-year statute of limitations.  15 U.S.C. §1692k.  In addition, plaintiff fails to state a claim for civil conspiracy (Count III) because defendants, a principal corporation, its subsidiary and its subsidiary's in-house counsel, cannot be co-conspirators as principal-agents.  Plaintiff further fails to allege that a tortious act was committed during the conspiracy.  Similarly, plaintiff fails to plead the necessary elements of a malicious prosecution claim (Count IV)- namely that no probable cause existed for filing the second lawsuit and that plaintiff suffered a special injury.  Asset Acceptance Capital Corp. should further be dismissed from Count I because plaintiff has failed to alleged that it engaged in any direct debt collection or that it and Asset Acceptance, LLC were engaged in a single economic enterprise sufficient to pierce the corporate veil.  Finally, plaintiff's ICAA claim (Count II) should be dismissed because neither Asset Acceptance, LLC nor Asset Acceptance Capital Corp fall within the definition of "debt collector" as it existed at the time the second lawsuit was filed.  Accordingly Counts I-IV of Plaintiff's Complaint should be dismissed with prejudice.

## <u>ALLEGATIONS IN COMPLAINT</u>

Asset Acceptance Capital Corp. ("Capital Corp.") allegedly is in the business of purchasing charged-off consumer debt from credit issuers and assigning the debt to one of its subsidiaries for collection.[1]  (Compl.,¶11).  Capital Corp. purchased charged-off consumer debt from Providian Bank, which included an account for a charge card issued to plaintiff.  Capital

---

[1] Defendant recites the allegations of the complaint for purposes of this motion only.  Defendant does not agree with plaintiff's allegations nor concede that they allege accurate facts.

6322756v1 887910

Corp. assigned the file to Asset Acceptance, LLC ("Asset") to recover the full value of the debt from the plaintiff. (Compl., ¶12). Asset retained the law firm of McMahan & Sigunick to file suit against plaintiff. On December 30, 2004, McMahan & Sigunick filed a lawsuit against plaintiff in the Circuit Court of Cook County, under case number 04 M1 188227, seeking to recover $2,306.00. (Compl., ¶13). Wisniewski moved to dismiss the complaint. (Compl., ¶14). Asset elected to stand on the complaint. On April 14, 2005 the motion was granted without prejudice. The order was drafted by Wisniewski's counsel. (A copy of the dismissal order is attached hereto as Exhibit A)[2].

Plaintiff alleges that a dismissal pursuant to 735 ILCS 5/2-619(a) is an involuntary dismissal and constitutes an adjudication on the merits. (Compl., ¶16). Asset did not move to reconsider the dismissal or file an appeal. (Compl., ¶17). Plaintiff alleges that the legal effect of the April 14, 2005 dismissal order terminated forever any claim for money that either Capital Corp. or Asset may have had against plaintiff. (Compl., ¶18). Plaintiff alleges that Capital Corp. and Asset employed a corporate strategy to have its call centers engage in a continuous pattern of conduct by telephoning the plaintiff which was designed to harass and coerce her into believing she still owed $2,306.00 to Asset despite the fact that the lawsuit had been dismissed. (Compl., ¶19). Plaintiff alleges that the fact that Asset and Capital Corp. portrayed the debt as still being owed violated the Fair Debt Collection Practices Act ("FDCPA"). (Compl., ¶20).

Plaintiff alleges that she received phone calls to collect the account on June 1, 2005, June 28, 2005, July 13, 2005 and weekly telephone calls after August 8, 2005. (Compl., ¶¶21-27).

---

[2] A district court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment under a narrow exception which has allowed courts to avoid unnecessary proceedings when an undisputed fact in the public record establishes that the plaintiff cannot satisfy the 12(b)(6) standard." *General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1081 (7th Cir. 1997); *Hicks v. Irvin*, No. 06 CV 645, 2008 WL 2078000 (Dow, R)(N.D.Ill., May 15, 2008)(citations omitted). Matters of public record include state statutes, city charters, city ordinances, and public court documents. *Demos v. City of Indianapolis*, 302 F.3d 698, 706 (7th Cir. 2002); *Henson v. CSC Credit Services*, 29 F.3d 280, 284 (7th Cir. 1994).

She also alleges that she received letters on June 15, 2005, July 1, 2005 and August 1, 2005. On August 20, 2005, Asset's in-house attorneys Jutla and Gunn filed a second lawsuit against the plaintiff in the Circuit Court of Cook County under Case No. 05 M1 158260. (Compl., ¶28). Plaintiff alleges that Gunn and Jutla "knew at the time they filed this 'Verified Complaint at Law' that this lawsuit was without merit as the claim [was] extinguished as a result of the dismissal order entered April 14, 2005 by Judge Thomas M. Donnelly." (Compl., ¶28). Wisniewski was served with the summons and her copy of the lawsuit on February 20, 2006. (Compl., ¶29). She claims that she appeared through her attorney at the status hearing on April 10, 2006 at 10:00 a.m. (Compl., ¶30). The lawsuit was dismissed for want of prosecution on that date. (Compl., ¶30). Plaintiff alleges that despite the fact that the re-filed lawsuit was dismissed, Asset continued to contact plaintiff and demand payment of her debt. (Compl., ¶31).

On June 28, 2006, Asset, through its in house attorney, Sanjay Jutla, presented a motion to correct the record, which motion was allegedly an untimely motion to vacate a dismissal for want of prosecution. (Compl., ¶32). Plaintiff alleges that after the motion was denied, Asset continued to telephone plaintiff on a weekly basis and demand payment of her debt. Compl., ¶33).

Plaintiff claims that on September 27, 2006, Asset presented a motion to dismiss the lawsuit without prejudice, when the lawsuit had already been dismissed. (Compl., ¶34). Plaintiff claims that Jutla knowingly misrepresented the facts concerning the status of the case to the court to obtain an order which created the false impression that Asset voluntarily dismissed the re-filed lawsuit. (Compl., ¶34). The motion was allegedly presented without notice to either the Wisniewski's attorney or Wisniewski and was allegedly presented in Courtroom 1110 when the case had been transferred to Courtroom 1501. (Compl., ¶34). Plaintiff alleges that after

4

Asset obtained their "fraudulent" order on September 27, 2006, they resumed harassing telephone calls to the plaintiff demanding payment.  (Compl., ¶34).

## ARGUMENT

**A.**   **Counts I-IV Should Be Dismissed Because The April 15, 2005 Order Was Not A Final Adjudication On The Merits.**

Plaintiff alleges that defendants violated the FDCPA, the ICAA and engaged in civil conspiracy and malicious prosecution by allegedly attempting to collect her account after an order was entered dismissing the first lawsuit on April 15, 2005 as follows:

- **Counts I and II**: Asset allegedly violated the FDCPA and Illinois Collection Agency Act "by making false representations of the character or legal status of any debt by demanding payment when they knew there had already been a legal adjudication on the merits." (Compl., ¶¶31, 58).

- **Count III**: "Asset Acceptance Capital Corp., and their subsidiary, the Asset Acceptance, LLC., conspired to have the various employees of Asset Acceptance, LLC, defraud the plaintiff, Joan Wisniewski, by attempting to collect an alleged debt from her despite knowing said debt was extinguished as a result of the dismissal order entered on April 14, 2005 by Judge Thomas M. Donnelly." (Compl., ¶89).

- **Count IV**: "After the lawsuit filed by Asset Acceptance, LLC against Joan Wisniewski had been dismissed, the defendants Asset Acceptance Capital Corp. and Asset Acceptance, LLC., who already had their day in Court and had lost, knowingly and intentionally chose to disregard and ignore the Court's dismissal order and continued to use the same purported grievance as a subterfuge for conducting their corporate crusade of harassment under the guise of rightful litigation in an attempt to coerce the plaintiff into paying a debt she did not legally owe." (Compl., ¶104).

Contrary to plaintiff's claims, the account was not extinguished by the April 14, 2005 order because the order was not a legal adjudication on the merits.  The April 14, 2005 order states that the "Motion to Dismiss as to Defendant Joan Wisniewski is granted *without prejudice* pursuant to 2-606 with both parties to bear their respective costs."  (Ex. A, emphasis added). The order was drafted by William J. McGann, counsel for Joan Wisniewski.  Accordingly, Mr.

McGann consented to the language "without prejudice" and included it in the order. (Ex. A).  In

fact, Illinois Supreme Court Rule 273 states:

> *Unless the order of dismissal* or a statute of this State *otherwise specifies*, an involuntary dismissal of an action, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join an indispensable party, operates as an adjudication upon the merits. (emphasis added).

A dismissal without prejudice is not an adjudication on the merits and does not operate to

bar plaintiff from refiling suit.   *See In re. McDermott*, 115 F.2d 582, 584 (7th Cir.

1940)("ordinarily a judgment or decree without prejudice never works as an estoppel nor acts as

a former adjudication."); *Gann v. William Timblin Transit, Inc.*, 522 F.Supp.2d 1021, 1028

(N.D.Ill.,2007)("When a party voluntarily dismisses a claim or lawsuit without prejudice,

however, that party may reinstate the claim without being barred by the claim preclusion

doctrine."); *DeLuna v. Treister*, 185 Ill.2d 565, 708 N.E.2d 340, 346 (noting that the inclusion of

"without prejudice" in an order signals the circuit court's intent to allow a plaintiff to refile an

action).

The Restatement (Second) of Judgments § 20(b), provides:

(1) A personal judgment for the defendant, although valid and final, does not bar another action by the plaintiff on the same claim:

(a) When the judgment is one of dismissal for lack of jurisdiction, for improper venue, or for nonjoinder or misjoinder of parties; or

(b) When the plaintiff agrees to or elects a nonsuit (or voluntary dismissal) without prejudice or the court directs that the plaintiff be nonsuited (or that the action be otherwise dismissed) without prejudice; or

(c) When by statute or rule of court the judgment does not operate as a bar to another action on the same claim, or does not so operate unless the court specifies, and no such specification is made.

Accordingly, plaintiff's claim that "the legal effect of the April 14th dismissal order

terminated forever any claim for money that either Asset Acceptance Capital Corp. or Asset

6

Acceptance, LLC., may have had against Joan Wisniewski" is incorrect. (Compl., ¶18). The April 14 order did not terminate defendants' rights to collect Ms. Wisniewski's debt nor did the order prevent defendants from re-filing suit or continuing to collect the account.

Accordingly plaintiff's claims in Counts I-IV should be dismissed because they hinge on the premise that the April 14, 2005 order was a dismissal with prejudice and that defendants violated the FDCPA, Illinois Collection Agency Act and engaged in malicious prosecution and civil conspiracy by continuing to engage in collection activity after that date.

**B.    Plaintiff's FDCPA Claims Are Barred By The One-Year Statute Of Limitations.**

Plaintiff's FDCPA claims are further barred by the one-year statute of limitations. The FDCPA provides that: "[A]n action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs." 15 U.S.C. §1692k(d). Plaintiff pleads that defendant violated the FDCPA by allegedly continuing to collect from her after issuance of the April 14, 2005 dismissal order. Specifically plaintiff alleges that defendant's "illegal activity" began on June 1, 2005. (Compl., ¶22). She complains of phone calls and collection activity on June 1, 2005, June 15, 2005, June 28, 2005, July 1, 2005, July 13, 2005, August 1, 2005 and August 8, 2005. (Compl., ¶¶22-27). She also claims that defendants filed suit against her on August 20, 2005, served her on February 20, 2006, filed a motion to correct the record on June 28, 2006 and moved to dismiss the suit without prejudice on September 27, 2006. (Compl., ¶¶28-34). All of this collection activity falls well outside the one-year statute of limitations under the FDCPA, because this complaint was not filed until April 10, 2008. Plaintiff vaguely alleges that "telephone calls are continuing," however this allegation is so vague that it fails to apprise

defendants of any alleged FDCPA violation within one year of the filing of the complaint. (Compl., ¶34).   The last date-specific allegation in the complaint is the allegation that Asset through Jutla, obtained a voluntary dismissal order on September 27, 2006.  (Compl., ¶34).

Accordingly, Count I should be dismissed because it is barred by the one-year statute of limitations under the FDCPA.

## C.     Plaintiff's Allegations Do Not Support A Claim for Civil Conspiracy- Count III.

Plaintiff alleges that "Asset Acceptance Capital Corp., and its subsidiary, Asset Acceptance, LLC, conspired to have the various employees of Asset Acceptance, LLC., defraud the plaintiff, Joan Wisniewski, by attempting to collect an alleged debt from her despite knowing said debt was extinguished as a result of the dismissal order entered on April 14, 2005." (Compl., ¶89).  Plaintiff further alleges that defendants conspired to file a second lawsuit that was without merit and that after the alleged second lawsuit was dismissed for want of prosecution, Jutla and Gunn presented a motion to voluntarily dismiss the second lawsuit and presented the motion in the wrong courtroom.  (Compl., ¶¶90, 91).

### 1.  No Action For Conspiracy Will Lie Where
### The Alleged Co-Conspirators Are Agent And Principal

Asset Acceptance Capital Corp, its subsidiary, Asset Acceptance, LLC and its Asset Acceptance, LLC's in-house counsel, Jutla and Gunn, cannot be considered co-conspirators.  As a general rule of law, principals and agents are legally incapable of conspiring with one another because the acts of an agent are considered the acts of his principal.  *Bilut v. Northwestern University*, 296 Ill.App.3d 42, 692 N.E.2d 1327 (1st Dist. 1998), *see also Botvinick v. Rush University Medical Center*, No. 06 C 2054, 2006 WL 3524413 (N.D.Ill., Dec. 5, 2006); *Buckner v. Atlantic Plant Maintenance, Inc.*, 182 Ill.2d 12, 694 N.E.2d 565 (Ill.,1998).  As a result,

6322756v1 887910

plaintiff cannot maintain a cause of action for civil conspiracy against Capital Corp., Asset, Jutla and Gunn.

## 2. No Tortious Act Was Committed

In addition, there is no cause of action for civil conspiracy unless an overt, tortious, or unlawful act is done that, in absence of the conspiracy, would give rise to a claim for relief. *Hurst v. Capital Cities Media, Inc.*, 323 Ill.App.3d 812, 754 N.E.2d 429 (5th Dist. 2001).  While the filing of the motion for voluntary dismissal and presentment of the motion in the wrong courtroom may have been procedurally incorrect, such actions do not give rise to a tort.  Further, the filing of the voluntary dismissal had no legal effect because the matter had already been dismissed.  Accordingly, Count III must be dismissed.

**D.      Plaintiff's Malicious Prosecution Claims Should Be Dismissed Because Plaintiff's Claims Do Not Establish That The Second Lawsuit Was Brought Without Probable Cause Or That Plaintiff Suffered Any Special Injury- Count IV.**

A malicious prosecution cause of action is generally disfavored in the law because it is in conflict with a litigants' right to seek redress in the courts. *Cult Awareness vs. Church of Scientology*, 177 Ill. 2d 267, 685 N.E. 2d 1347 (1997).  The plaintiff must show that the defendant brought the underlying suit maliciously and without probable cause. Moreover, the plaintiff must establish that the former action was terminated in his or her favor. Finally, the plaintiff must plead and prove some "special injury" or special damage beyond the usual expense, time or annoyance in defending a lawsuit. *Id.* at 1350.  If one element is missing, the plaintiff is barred from pursuing the claim. *Aguirre v. City of Chicago*, --- N.E.2d ----, 2008 WL 943783 (1st Dist. 2008).

Plaintiff alleges that on August 20, 2005, Asset filed a second lawsuit against Ms. Wisniewski in the Circuit Court of Cook County, under case number 05 M1 158260. (Compl.,

9

¶106). She claims that this lawsuit was without merit solely because the first lawsuit was dismissed by Judge Donnelly. (Compl., ¶106). She claims that Gunn and Jutla did not ensure that the complaint was "well grounded in fact" and "not interposed for any improper purpose" because the debt was "previously extinguished on April 14, 2005." (Compl., ¶107). Plaintiff claims that "[t]his second lawsuit was a subterfuge to create the impression of a legitimate claim so Asset Acceptance could continue to harass and coerce the plaintiff into paying a debt that had already been extinguished." (Compl., ¶108).

Plaintiff's sole basis for her claim that there was no probable cause for the filing of the second lawsuit is her claim that the April 14, 2005 order "extinguished" her debt. Yet, as stated above, the April 14, 2005 order did not result in the extinguishment of her debt because the order merely dismissed the action "without prejudice." Plaintiff has not alleged any other basis for her claim that the second lawsuit was filed "without probable cause."

In addition, she has failed to plead any special injury. The Illinois Supreme Court "has regarded it reasonable that the [malicious prosecution] action should be limited, because the courts of law are open to every citizen upon the penalty of lawful costs, and he may have his rights determined without the risk of being sued and having to respond in damages for seeking to enforce his right." *Shedd v. Patterson*, 302 Ill. 355, 134 N.E. 705 (Ill. 1922). An example of special injury has been defined as "an arrest or seizure of property or some constructive taking or interference with the person or property." *Howard v. Firmand*, 378 Ill.App.3d 147, 880 N.E.2d 1139 (1st Dist. 2007)(student's claim that former roommates filing of two orders of protection against him (1) interfered with his "person" and (2) jeopardized his status as a student and resulted in a delay in obtaining his degree failed to support element of special injury).

6322756v1 887910

Plaintiff has not alleged how she suffered a "special injury" separate from "the usual expense, time or annoyance in defending a lawsuit." As with the element of probable cause, plaintiff's claim that she was allegedly injured rests on the premise that the debt was extinguished by the April 14, 2005 order. Even if the claim that Asset continued to attempt collection of the debt after it was allegedly "extinguished" by the April 14, 2005 order rises to the level of "special injury," which defendant disputes, the debt was not extinguished. As stated above, Asset had a right to pursue collection of the debt through litigation or otherwise after the April 14, 2005 order. Accordingly, the second case instituted by Asset was "ordinary" litigation and does not support the element of special injury. Count IV should be dismissed.

**E.    Asset Acceptance Capital Corp Should Be Dismissed Because It Is Not A Debt Collector Under the FDCPA.**

The Seventh Circuit has held that the FDCPA's prohibitions only apply to those who meet the definition of a debt collector and has further noted that "[s]ave in exceptional circumstances…one affiliate corporation is not liable of the debts of the other [citation omitted] – a principle applicable to suits under the Fair Debt Collection Practices Act." *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols and Clark, LLC*, 214 F.3d 872, 876 (7th Cir. 2000) *citing Pettit v. Retrieval Masters Creditors Bureau, Inc*., 211 F.3d 1057 (7th Cir. 2000); *White v. Goodman*, 200 F.3d 1016 (7th Cir. 2000); *Aubert v. American General Finance, Inc.,* 137 F.3d 976, 978-79 (7th Cir. 1998).

Moreover, in order for plaintiff to prove that a company is an "indirect" debt collector, "a plaintiff must demonstrate that the company shares an interdependence with a 'direct' debt collector that renders them a 'single economic enterprise.'" *Wells v. McDonough*, 1999 WL 162796 * 1 (N.D.Ill.1999), *citing Jenkins v. Union Corp*., 999 F.Supp. 1120, 1142-43 (N.D.Ill.1998).

Plaintiff alleges that Capital Corp purchased the debt, assigned it to LLC and that LLC then retained attorneys to pursue collection. (Compl., ¶¶11,12). These allegations do not support the claim that Capital Corp acted as a debt collector with respect to plaintiff's account. There are no allegations that Capital Corp directly engaged in collection activity against plaintiff. For instance, plaintiff claims that after purchasing the account, Capital Corp assigned it to Asset for collection and that Asset assigned the account to the firm of McMahan & Sigunick for collection. (Compl., ¶12, 13). Plaintiff alleges that the lawsuit was filed in the name of Asset Acceptance, LLC. (Compl., ¶14). She claims that after the lawsuit was dismissed various employees of Asset Acceptance, LLC[3] telephoned her in an attempt to collect the debt. (Compl., ¶¶21-27).

In order to hold Capital Corp liable under the FDCPA, plaintiff must allege that the Capital Corp and Asset should be deemed a single economic enterprise. *Stepney v. Outsourcing Solutions, Inc.*, No. 97 C 5288, 1997 WL 722972 (N.D.Ill.,1997). Under federal common law, "the separation between corporate entities will not be disregarded absent special circumstances showing that the corporations should be deemed a single economic enterprise." *Id.* at *3. Allegations that Capital Corp. purchases accounts and assigns them to various subsidiaries, who in turn make phone calls and retain lawyers to file suit does not establish extensive interdependence between Capital Corp. and its subsidiary Asset. *See Stepney* (where plaintiff alleged that OSI purchased portfolios of old debts, controlled its subsidiary GSC and approved GSC's practices and policies including purchasing old debts and attempting to collect them from the consumer, plaintiff failed to allege facts sufficient to pierce the corporate veil and hold OSI liable as a debt collector); *see also Scally v. Hilco Receivables, LLC,* 392 F.Supp.2d 1036

---

[3] Upon information and belief, plaintiff's references to "Asset Acceptance" in the Complaint are references to Asset Acceptance, LLC. See Compl., ¶28 (stating "as part of this co-coordinated corporate campaign of harassment, Asset Acceptance Capital Corp. and Asset Acceptance…")

6322756v1 887910

*(*N.D.Ill.,2005)*; Jenkins v. Union Corp.*, 999 F.Supp. 1120 (N.D.Ill. 1998); *Harrison v. NBD Inc.*, 968 F.Supp. 837 (E.D.N.Y.,1997).

Accordingly, plaintiff's claims against Asset Acceptance Capital Corp. under the FDCPA (Count I) should be dismissed because there are no claims that Capital Corp engaged in direct debt collection or that Capital Corp and Asset were engaged in a single economic enterprise such that there is inadequate capitalization or a failure to observe the legal requirement of separate corporate existence. *See Wells v. McDonough*, No. 97 C 3288, 1999 WL 162796 (N.D.Ill.,1999).

**F.    Plaintiff's ICAA Claim (Count II) Should Be Dismissed Because At The Time The Second Lawsuit Was Filed, The ICAA Did Not Apply To Asset Or Capital Corp.**

At the time the second lawsuit was filed on August 20, 2005, the ICAA did not cover Asset or Capital Corp's alleged activities.  On January 1, 2008, the amendments to the ICAA became law (hereinafter referred to as the "2008 amendments").  Consequently, the ICAA's coverage is limited by its text that was in effect on August 20, 2005. Prior to the 2008 amendments, the ICAA defined a "collection agency" as "any person, association, partnership, corporation, or legal entity who, *for compensation*, either contingent or otherwise, or for other valuable consideration, *offers services* to collect an alleged delinquent debt."  [emphasis added] 225 ILCS 425/2.02 *repealed on* January 1, 2008.  Asset and Capital Corp. did not offer services to collect plaintiff's debt for compensation.  Rather, Capital Corp is allegedly the owner of plaintiff's debt and Asset filed suit on its behalf as assignee of the debt.[4]  Therefore, Asset was not a collection agency as it was previously defined in the ICAA.  *Rice v. Palisades Acquisition XVI, LLC*, 2008 WL 538921, at *3 (N.D.Ill. February 25, 2008).

---

[4] See pleadings filed in Case No. 04 M1-188227 and Case No. 05M1-158260 stating that Asset filed suit against Wisniewski as assignee of Providian.

6322756v1 887910

In *Rice*, the Court held that the ICAA did not apply to Palisades because it was not attempting to collect debt "for compensation or for anyone else's benefit; it was attempting to collect the alleged debt for itself." *Id*. The court dismissed Rice's claim because Palisades purchased the debt and thereafter tried to collect it. *Id*. Thus, under the previous version of the ICAA, Palisades was not considered a collection agency. *Id*. Similarly, under the ICAA, as it existed at the time of the alleged collection activity for which plaintiff complains, neither Asset not Capital Corp was a collection activity. As a result Count II should be dismissed.

WHEREFORE, Defendants Asset Acceptance Capital Corp., Asset Acceptance, LLC, Sanjay Jutla and Allen Gunn respectfully request that this court dismiss Counts I-IV of Plaintiff's Complaint with prejudice and for such further relief as this court deems appropriate and just.

Respectfully submitted,

By: s/*Jennifer W. Weller*
Jennifer W. Weller

Counsel for defendants.

David M. Schultz
Jennifer W. Weller
Hinshaw & Culbertson LLP
222 N. LaSalle, Suite 300
Chicago, IL 60601
312-704-3000

14

6322756v1 887910

# EXHIBIT A

Order/Motion Call  (This form replaces CCMI 0642)

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
_____1st_____ MUNICIPAL DISTRICT

Asat

v.

Joan Wisnewski

LINE NO. _____

NO. 04 M1 188227

## MOTION CALL ORDER

Present before the Court: ☐ Plaintiff(s)  ☐ Defendant(s)  ☒ Plaintiff(s)' Counsel  ☒ Defendant(s)' Counsel
THIS MATTER having come before the Court, the Court having jurisdiction and being fully advised,

IT IS HEREBY ORDERED that the motion:

| 4957 | ☐ to Vacate DWP of _____ is GRANTED. |
| 5957 | ☐                                                                    is DENIED. |
| 4957 | ☐ to Vacate Default Judgment of _____ is GRANTED, |
| 4482 | ☐ and this case is set for Trial on _____, _____ at _____ a.m./p.m. in Rm. _____ |
| 4482 | ☐                for Status on _____, _____ at _____ a.m./p.m. in Rm. _____ |
| 5957 | ☐ to Vacate the Default Judgment of _____ is DENIED. |
| 4957 | ☐ to Vacate the Dismissal of _____ is GRANTED, |
|      | and case is reinstated; Judgment for _____ |
| 4001 | ☐ in the amount of $ _____. |
| 4285 | ☐ to Vacate Installment Order of _____ is GRANTED, Judgment to stand. |
| 4280 | ☐ for Summary Judgment in favor of _____ is GRANTED. |
| 5280 | ☐                                                                   is DENIED |
| 4004 | ☒ to Dismiss as to Defendant Joan Wisnewski is GRANTED. w/out Pr J. |
| 5004 | ☐ pursuant to 2-ENDO w/ both parties to is DENIED. |
| ( ) | ☐ Motion to/for _____ bear Tar respo?te is CONTINUED |
| ( ) | ☐ for HEARING at _____ a.m./p.m. on _____costs._____ in Rm. _____ |
| ( ) | ☐ with the following briefing schedule: |

_____

_____

( ) ☐ _____

( ) ☐ See Attached Order: _____

Atty. No.: 21901

Name: WILLIAM J McGANN

Atty. for: DEFENDANT

Address: P.O. Box 220

City/State/Zip: LEMONT, ILL

Telephone: 630-243-1000

ENTERED:

DATE:

Assoc. Judge Thomas M. Donnelly

APR 14 2005

Circuit Court - 1803

Judge                                    Judge's No.

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS