IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOAN WISNIEWSKI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: 08 cv 2793 |
| v. ) | |
| ) | Judge: Lefkow |
| ASSET ACCEPTANCE CAPITAL CORP., ) | |
| ASSET ACCEPTANCE, LLC, SANJAY S. ) | Magistrate Judge Schenkier |
| JUTLA and ALLEN GUNN, ) | |
| ) | |
| Defendant. ) | |

## REPLY IN SUPPORT OF MOTION TO DISMISS

Defendants Asset Acceptance Capital Corp., ("Capital Corp.") Asset Acceptance, LLC, ("Asset"), Sanjay S. Jutla and Allen Gunn by and through their attorneys David M. Schultz and Jennifer W. Weller and for their Reply in Support of their Motion to Dismiss state as follows:

## INTRODUCTION

Asset was permitted to file a second lawsuit against plaintiff for collection of her defaulted Providian account because the first lawsuit was dismissed *without prejudice* by the circuit court's April 14, 2005 dismissal order. Plaintiff asks this court to ignore the words "without prejudice" and find that the order was a final adjudication on the merits. Plaintiff's interpretation of the court's order would render the words *without prejudice* superfluous. This court, however, must give effect to all of the language in the order. Because the order specifies that the dismissal was without prejudice, the order is plainly not a final order. Any claims that defendants violated the Fair Debt Collection Practices Act ("FDCPA"), Illinois Collection Agency Act ("ICAA"), engaged in malicious prosecution or civil conspiracy on the basis that they filed the second lawsuit should therefore be dismissed.

6343567v1 887910

In addition, plaintiff's FDCPA claims are barred by the statute of limitations because she fails to allege any activity taken by defendants after September 27, 2006- thus any claims are barred by the FDCPA's one-year statute of limitations. Plaintiff attempts to overcome the statute of limitations by vaguely alleging that Asset's allegedly harassing telephone calls are "continuing." This vague and conclusory statement fails to meet the pleading standard set forth in *Bell Atlantic v. Twombly*, 127 S.Ct. 1955 (2007). Plaintiff's ICAA claims further fail because defendants were not covered by the Act prior to the January 1, 2008 amendments and all of the conduct alleged by plaintiff occurred prior to September 27, 2006.

Plaintiff's civil conspiracy claims must further be dismissed because all actions that plaintiff claims were in furtherance of a conspiracy are actions taken by Asset's in-house counsel Jutla and Gunn on behalf of their principal and employer, Asset Acceptance, LLC. Since principal and agents are legally incapable of conspiring with each other, plaintiff's civil conspiracy claim must be dismissed. Finally, Plaintiff's malicious prosecution claim must be dismissed because probable cause existed for filing the second lawsuit and plaintiff has failed to plead any special injury.

**A.  A dismissal without prejudice is not a final adjudication on the merits and Asset permissibly re-filed suit against Ms. Wisniewski.**

The April 14, 2005 order was a dismissal *without prejudice*. None of the cases cited by plaintiff support the proposition that a dismissal without prejudice is a final adjudication on the merits. In fact, in the *Lozman* case, (Pl.'s Resp. at p.2), the court found that even a dismissal which provided that it was a dismissal "with prejudice" and was "a final and appealable order pursuant to Supreme Court Rule 304(a)" would not be treated as a final order because the dismissed claims could not be severed from other undecided claims.

Further, *Baltimore Orioles, Inc. v. Major League Baseball Players, Ass'n*, 805 F.2d 663 (7th Cir. 1996), actually supports defendants' position. Plaintiff cites the case for the proposition that "a final order is one that concludes the litigation between the parties." (Pl.'s Resp. at p.3). However, in that case, the Seventh Circuit stated that "when the federal claims are disposed of before trial, the state claims should be dismissed *without prejudice* almost as a matter of course." *Id*. at 682 (emphasis added). Thus where a federal court disposes of federal claims it should decline to exercise pendent jurisdiction of state law claims and dismiss the state law claims *without prejudice* allowing those claims to be re-filed in state court.

Further in the *Flores v. Dugan*, 91 Ill.2d 108, 453 N.E.2d 480 (1982), case cited by plaintiff (Pl's Resp. at p.3), the court held, "the order dismissing the plaintiffs' action for want of prosecution was not a final and appealable order." *Id*. at 115. The court noted that the order specified that it was not a final and appealable order because it specified the dismissal was entered "without prejudice to refile this suit within the time permitted by statute."

Thus even the cases plaintiff cites recognize that a dismissal without prejudice is not a final and appealable order. Plaintiff claims that because her motion to dismiss was brought pursuant to Section 2-619 of the Illinois Code of Civil Procedure, this somehow trumps the court's use of the wording "without prejudice." (Pl's Resp. at p.4). Plaintiff is wrong. Plaintiff claims that Rule 273 provides that "involuntary dismissal of an action operates as an adjudication upon the merits" with three exceptions. (Pl.'s Resp. at p.4). Plaintiff completely ignores the language in the rule that states, "unless the order of dismissal or a statute of this State otherwise specifies…" In this case the order specified that it was not a final order because it was a dismissal without prejudice. *See Flores v. Dugan*, 91 Ill.2d 108, 453 N.E.2d 480 (1982).

Plaintiff claims that because the order did not state that Asset was allowed to file an amended complaint or replead, it was a final and appealable order. (Pl.'s Resp. at pp.4-5). The order did not need to state that Asset had the right to replead- use of the words "without prejudice" is tantamount to allowing a plaintiff to re-file.

In *DeLuna v. Treister*, 185 Ill.2d 565, 708 N.E.2d 340 (1999), claims were brought against Dr. Treister and St. Elizabeth's Hospital. In *DeLuna I*, St. Elizabeth's filed a 2-619 motion to dismiss the complaint on the basis that plaintiff failed to comply with section 2-622 of the Illinois Code of Civil Procedure. The court granted the motion and dismissed St. Elizabeth's *without prejudice*. Plaintiff appealed. The appellate court dismissed the appeal stating, "[b]ecause the circuit court dismissed St. Elizabeth's without prejudice, we held that the order of dismissal lacked the finality necessary to appeal the order under Rule 304(a). Therefore it was not a 'final and appealable' order subject to review by either this or the appellate court." *Id*. at 570. The court went on to state, "[w]hile the inclusion of 'without prejudice' in an order signals the circuit court's intent to allow a plaintiff to refile an action, the inclusion of 'with prejudice' in an order does not, alone, trigger Rule 273." *Id*. at 576 (citation omitted). Thus, as the *DeLuna* decision clearly shows, whether or not a motion is brought pursuant to Section 2-619 or not, a dismissal is not final and appealable if it is without prejudice.

Plaintiff's discussion of whose handwriting appears on the order and who drafted the April 14, 2005 order is a red herring. Regardless of which attorney's handwriting appears where on the order- the April 14, 2005 order is the *court's order*. It does not matter who prepared the order- the effect of it is clear- because the order provided that dismissal was without prejudice, Asset was permitted to re-file the complaint against Ms. Wisniewski. Thus, her claims in Counts I-IV based on Asset's filing of the second lawsuit must be dismissed.

4

### B. Plaintiff's FDCPA claims are time-barred.

Plaintiff has not identified any collection activity that allegedly occurred on or after April 10, 2007- one-year prior to the filing of this suit. Instead, plaintiff complains of phone calls and collection activity on June 1, 2005, June 15, 2005, June 28, 2005, July 1, 2005, July 13, 2005, August 1, 2005 and August 8, 2005. (Compl., ¶¶22-27) Plaintiff claims that she has alleged conduct within the statute of limitations by claiming vaguely, "After Asset Acceptance obtained their fraudulent order on September 27, 2006, their employees resumed their harassing telephone calls to the plaintiff demanding payment she contact them and make arrangements to pay them; these telephone calls are continuing." (Compl., ¶34). This single claim is insufficient to apprise Asset of any alleged FDCPA violation within the one-year limitations period. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations (citations omitted), a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. (citations omitted). *Bell Atlantic v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). Plaintiff's failure to alleged a single act within the one-year statute of limitations period mandates dismissal of plaintiff's FDCPA claim.

### C. There is no civil conspiracy between a principal and agent where the agent is acting on behalf of the principal.

Plaintiff claims that defendants conspired to defraud her by allegedly filing a second lawsuit against her that was without merit. (Count III). Specifically plaintiff alleges that Asset Acceptance Capital Corp. and its subsidiary, Asset Acceptance, LLC, conspired to have in-house attorneys Gunn and Jutla re-file a lawsuit that had been previously dismissed. (Compl., ¶90). Plaintiff also claims "On September 27, 2006, these defendants and co-conspirators, Allen Gunn and Sanjay S. Jutla, conspired with unknown parties to insure the original court file was short so

as the Judge to whom they would present their motion would not have the original court file and be able to see that the case had been transferred to 1501 or that there as a DWP which had not been vacated, thereby insuring the entry of the voluntary dismissal order." (Compl., ¶91).

Plaintiff acknowledges that no conspiracy can exist between a corporation and its agents, (Pl's Resp. at p.9), however, plaintiff claims that her allegations fall within two exceptions to this rule- where the agent acts out of self-interest and where the agent conspires with a third party. (Pl.'s Resp. at p.9). Neither of the exceptions applies to plaintiff's allegations. First, there are no allegations that Mr. Jutla or Mr. Gunn acted in their own self interest- rather, they are in-house attorneys for Asset Acceptance, LLC, who filed suit on behalf of Asset to collect a debt it owned. (Compl., ¶¶7-9,28). Plaintiff argues, but does not plead, that Mr. Jutla and Mr. Gunn were allegedly acting out of self interest "to conceal their incompetence from their principal and create the impression they still could pursue Wisniewski." (Pl.'s Resp. at pp.9-10). This is contrary to the allegations in the complaint in which plaintiff pleads, "To obtain this order, Asset Acceptance, by and through their in house attorney, Sanjay S. Jutla had to manipulate the system and presented the motion in Courtroom 1110, despite knowing that because of the jury demand, the case had been transferred to Courtroom 1501, the same courtroom where Asset Acceptance, and by Sanjay S. Jutla, had presented their motion which was previously denied by Judge Dunford." (Compl., ¶34). It is clear that plaintiff's conspiracy claim is premised on the fact that Jutla and Gunn were acting as attorneys on behalf of Asset- not out of self interest. There are no allegations that Jutla or Gunn could or would have achieved any personal gain by allegedly collecting a debt on behalf of their principal. This exception does not apply.

Second, there are no allegations that the Asset was conspiring with a third party. The only allegation concerning a third party is in paragraph 91 in which plaintiff claims that Gunn

and Jutla, Asset employees, conspired with unknown parties to "insure the court file was short…" (Compl., ¶91). To establish a civil conspiracy claim, a plaintiff must identify, with particularity, the nature of the conspiracy and the defendant's role in the conspiracy. *Wilstein v. San Tropai Master Ass'n*, 1999 WL 262145, *16 (N.D.Ill.,1999)(citations omitted)(dismissing civil conspiracy claim and noting that plaintiff failed to identify alleged co-conspirators).

The claim that Jutla and Gunn conspired with unknown persons at the courthouse to ensure that the court file would be missing is insufficient to establish some agreement between Asset and a third party designed to inflict an alleged wrong on plaintiff. Thus the second exception does not apply.

Moreover, there is no tortious act plead. At best, plaintiff pleads that Jutla and Gunn entered a voluntary dismissal order on September 27, 2006 which would not have been entered had the Judge had the full court file;- however, this alleged order was a nullity because the complaint was already previously dismissed and could not have been re-filed a third time. The entry of a voluntary dismissal order resulted in no harm to plaintiff and is not a tortious act.

**D.    Probable cause existed for filing the second lawsuit and plaintiff has not been injured.**

In Illinois, the elements of malicious prosecution are well established. The plaintiff must show that the defendant brought the underlying suit maliciously and without probable cause. *Cult Awareness v. Church of Scientology*, 177 Ill.2d 267, 685 N.E.2d 1347, 1350 (1997). Plaintiff claims that second lawsuit was improper because plaintiff's claim was extinguished by the order dismissing the first lawsuit. As previously discussed, because the first lawsuit was dismissed without prejudice, probable cause existed for re-filing the lawsuit. Not only does plaintiff fail to meet the probable cause element, she fails to plead that she suffered a special injury. Plaintiff relies on the vague claim "that as a direct and proximate of the actions of the

7

defendants, Asset Acceptance Capital Corp., and their subsidiary, the Asset Acceptance, LLC, Allen Gunn and Sanjay S. Jutla, that their conduct described above has caused the plaintiff damages, both physical and emotional, as well as aggravation and inconvenience, mental distress, and other incidental and consequential damages…" (Compl., ¶110). This vague "kitchen sink" allegation fails to identify how the filing of a state court collection lawsuit caused plaintiff any damage apart from the irritation and inconvenience of being a litigant. Plaintiff's vague conclusory claim regarding damages is not sufficient to satisfy the "special injury" element of a malicious prosecution claim. Indeed, a malicious prosecution cause of action is generally disfavored in the law and adequately pleading the special injury element is "no easy hurdle for a plaintiff." *Cult Awareness,* 685 N.E.2d at 1357. Plaintiff has failed to establish any "special injury".

E.  **Asset Acceptance Capital Corp. did not act as a debt collector with respect to plaintiff's debt or the conduct alleged.**

Plaintiff claims that Capital Corp. argues that it is a creditor under the FDCPA. (Pl.'s Resp. at p.12). This is incorrect. On the contrary, the basis for dismissal of plaintiff's FDCPA claims against Capital Corp is that there are no allegations in the complaint to establish that Capital Corp. engaged in any collection activity with respect to plaintiff. Rather than rely on the allegations in the complaint, plaintiff attempts to draw this court's attention to matters outside the pleading- namely Asset Acceptance Capital Corp's SEC filings- to support her claim that Asset Acceptance Capital Corp is allegedly a "debt collector." (Pl.'s Resp. at pp.11-12). This is improper on a Rule 12(b)(6) motion to dismiss.[1] Moreover, the SEC filings establish nothing

---

[1] While defendants rely on the April 14, 2005 dismissal order, the order is a matter of public record and at the heart of plaintiff's claims. Thus, unlike the portion of Capital Corp's SEC filings improperly attached to plaintiff's response, this court can take judicial notice of the April 14, 2005 dismissal order. *General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1081 (7th Cir. 1997).

8

about whether Capital Corp. was acting as a debt collector with respect to plaintiff's account. On the contrary, plaintiff's complaint- the only relevant document for purposes of defendant's Rule 12(b)(6) motion- establishes that Asset Acceptance Capital Corp did not act as a debt collector with respect to her account. For instance, plaintiff alleges that Asset Acceptance Capital Corp bought a debt which it assigned to Asset Acceptance, LLC. Asset Acceptance, LLC then filed a lawsuit in its name for collection of the debt. All of plaintiff's FDCPA claims stem from activity that occurred in connection with Asset Acceptance, LLC's lawsuit. There is not a single claim that Asset Acceptance Capital Corp. was a party to that lawsuit or engaged in any direct collection activity with respect to plaintiff's account. (Compl., ¶¶11,12,13). Plaintiff's theory, rather, is that because Capital Corp is the parent of Asset Acceptance, LLC, it is a debt collector.

Assuming that Asset Acceptance Capital Corp. is the parent of Asset Acceptance, LLC for purposes of this motion, such claim still does not make Capital Corp. a debt collector. *See Scally v. Hilco Receivables,* LLC, 392 F.Supp.2d 1036 (N.D.Ill.,2005*)*(Hillco not a debt collector where it engaged in no direct collection activity, nor was it vicariously liable for MRS's actions because there was no interdependence between the two entities); *Jenkins v. Union Corp.*, 999 F.Supp. 1120 (N.D.Ill. 1998)(Union Corp, the parent of Transworld, played no role in either the actual debt collection process or in procuring creditor-clients such that it was not a direct debt collector, nor did plaintiff present any evidence sufficient to pierce the corporate veil); *Stepney v. Outsourcing Solutions, Inc*., 1997 WL 722972 (N.D.Ill.,1997)(OSI not a debt collector where plaintiff alleged that OSI had a financial interest in its subsidiary, GSC's collection activities and approved GSC's practice of purchasing old debts and subsequent attempts to collect them); *Harrison v. NBD Inc.,* 968 F.Supp. 837 (E.D.N.Y.,1997)(NEC not a debt collector where

plaintiff alleged that NEC, parent corporation of NBD, approved of the collection demand form used by NBD and that NEC caused and approved of NBD's deception).

Absent allegations that Capital Corp was engaged in direct debt collection with respect to plaintiff's account, plaintiff must show that Capital Corp and Asset Acceptance, LLC "should be deemed a single economic enterprise." *Harrison,* 968 F.Supp at 845. There complaint makes no such allegations.

F.　**The ICAA did not apply to debts purchased without recourse prior to January 1, 2008.**

Plaintiff claims that Capital Corp and Asset Acceptance, LLC were covered by the ICAA in its pre-January 1, 2008 form because they have not proven that any of the exceptions to the Act apply. (Pl.'s Resp. at p.13). Plaintiff's argument misses the mark. In its pre-January 1, 2008 version, the ICAA applied to a person who "[b]uys accounts, bills or other indebtedness with recourse and engages in collecting the same." Plaintiff alleges that defendants were attempting to collect her debt for themselves- not for a third party. As the court noted in *Rice v. Palisades Acquisition XVI, LLC*, 2008 WL 538921, *3 (N.D.Ill.,2008), "Palisades was not attempting to collect Rice's alleged debt for compensation or for anyone else's benefit; it was attempting to collect the alleged debt for itself. Consequently, Palisades was not required to be registered under the Illinois Department of Financial and Professional Regulation as required by the ICAA because the ICAA did not apply to Palisades at the time Rice filed the instant action." Similarly the ICAA did not apply to Asset Acceptance LLC when it filed the first or second lawsuit against plaintiff. Plaintiff claims that because she vaguely alleges that activity is "continuing," she has alleged conduct post-January 1, 2008. (Pl.'s Resp. at p.14). As previously stated the vague assertion that wrongful conduct is "continuing" is insufficient to apprise defendants of anything- *Twombly* requires a greater degree of specificity.

10

WHEREFORE, Defendants Asset Acceptance Capital Corp., Asset Acceptance, LLC, Sanjay Jutla and Allen Gunn respectfully request that this court dismiss Counts I-IV of Plaintiff's Complaint with prejudice and for such further relief as this court deems appropriate and just.

Respectfully submitted,

By: s/*Jennifer W. Weller*
Jennifer W. Weller

Counsel for Defendants

David M. Schultz
Jennifer W. Weller
Hinshaw & Culbertson LLP
222 N. LaSalle, Suite 300
Chicago, IL 60601
312-704-3000

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOAN WISNIEWSKI, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ASSET ACCEPTANCE CAPITAL CORP; ) <br> ASSET ACCEPTANCE, LLC; SANJAY S. ) <br> JUTLA; and ALLEN GUNN, ) <br> ) <br> Defendants. ) | Case No.: 08-CV-2793 <br><br> Judge: Lefkow <br><br> Magistrate Judge Schenkier |

### NOTICE OF FILING

TO:   James F. Wisniewski
       P.O. Box 2295
       Orland Park, IL 60462

    PLEASE TAKE NOTICE that on **July 24, 2008,** we caused to be filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, Defendants' **REPLY IN SUPPORT OF MOTION TO DISMISS**, in connection with the above entitled cause, a copy of which is attached hereto.

                                Respectfully submitted,

                                HINSHAW & CULBERTSON LLP

| | |
|---|---|
| David M. Schultz <br> Jennifer W. Weller <br> HINSHAW & CULBERTSON LLP <br> 222 North LaSalle Street, Suite 300 <br> Chicago, Illinois 60601 <br> 312/704-3000 <br> 312/704-3001 – facsimile <br> dschultz@hinshawlaw.com <br> jweller@hinshawlaw.com | s/ *Jennifer W. Weller* <br> Jennifer W. Weller |

6344294v1 887910

**CERTIFICATE OF SERVICE**

   I hereby certify that on **July 24, 2008,** I electronically filed the foregoing **NOTICE OF FILING and REPLY IN SUPPORT OF MOTION TO DISMISS** with the Clerk of the Court using the CM/ECF system reflecting service of to be served on:

TO:

and I hereby certify that on **July 24, 2008**, I served by United States Mail, the documents to the following non-registered participants:

TO: James F. Wisniewski
   P.O. Box 2295
   Orland Park, IL 60462


                 HINSHAW & CULBERTSON LLP


David M. Schultz         s/ *Jennifer W. Weller*
Jennifer W. Weller         Jennifer W. Weller
HINSHAW & CULBERTSON LLP
222 North LaSalle Street, Suite 300
Chicago, Illinois 60601
312/704-3000
312/704-3001 – facsimile
dschultz@hinshawlaw.com
jweller@hinshawlaw.com

2

6344294v1 887910