**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

<table>
<tr><td>

**JOAN WISNIEWSKI,**

    **Plaintiff,**

        **v.**

**ASSET ACCEPTANCE CAPITAL
CORP., a Delaware Corporation,
ASSET ACCEPTANCE, LLC, a
subsidiary and agent of ASSET
ACCEPTANCE CAPITAL CORP.,
and SANJAY S. JUTLA and ALLEN
GUNN, individually and as employees
and agents for ASSET ACCEPTANCE,
LLC, a subsidiary and agent of ASSET
ACCEPTANCE CAPITAL CORP.,**

    **Defendants.**

</td><td>

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

</td><td>

**No. 08 CV 2793**

**Judge Joan H. Lefkow**

</td></tr>
</table>

## MEMORANDUM OPINION AND ORDER

Plaintiff Joan Wisniewski has filed a four-count complaint alleging that defendants Asset

Acceptance Capital Corp., Asset Acceptance, LLC, Sanjay S. Jutla, and Allen Gunn

(collectively, "defendants") violated the Fair Debt Collection Practices Act ("FDCPA") (Count

I) and the Illinois Collection Agency Act ("ICAA") (Count II) by continuously harassing her

about a credit card debt that was allegedly discharged as the result of a 2005 dismissal order

from the Circuit Court of Cook County.[1]  Wisniewski further alleges that defendants engaged in

a civil conspiracy to refile the lawsuit previously dismissed for want of prosecution, knowing

---

[1] This complaint was originally filed in the Law Division of the Circuit Court of Cook County on April
10, 2008 and removed to federal court on May 14, 2008.  The court has jurisdiction over plaintiff's Fair
Debt Collection Practices Act claim (Count I), 15 U.S.C. § 1692 *et seq.*, under 28 U.S.C. § 1441(b), and
supplemental jurisdiction over her remaining state law claims (Counts II–IV) under 28 U.S.C. § 1441(c).

that it was without merit and intentionally concealing from the court the existence of the previously filed lawsuit (Count III). She also alleges that defendants' lawsuit amounted to malicious prosecution for these same reasons (Count IV). Defendants have moved to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the following reasons, defendants' motion [#13] will be granted in part and denied in part.

## STANDARDS

A motion to dismiss under Rule 12(b)(6) challenges the complaint for failure to state a claim upon which relief may be granted. *General Elec. Capital Corp.* v. *Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). In ruling on a motion to dismiss, the court accepts as true all well-pleaded facts alleged in the complaint and draws all reasonable inferences from those facts in favor of the plaintiff. *Dixon* v. *Page*, 291 F.3d 485, 486 (7th Cir. 2002). In order to survive a motion under Rule 12(b)(6), the complaint must provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *EEOC* v. *Concentra Health Servs., Inc.*, 496 F.3d 773, 776–77 (7th Cir. 2007) (citing *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964, 167 L.E.2d 929 (2007)). The allegations in the complaint must also be "enough to raise a right to relief above the speculative level." *Twombly*, 127 S. Ct. at 1965.

## BACKGROUND

According to the complaint, at some point prior to December 30, 2004, Asset Acceptance Capital Corp. purchased Wisniewski's charged-off consumer debt from Providian Bank. It assigned Wisniewski's file to its subsidiary, Asset Acceptance, LLC, to recover the value of the debt from her. On December 30, 2004, Asset Acceptance, LLC filed suit in the Circuit Court of Cook County to recover the full value of that debt, $2,306.00. On February 10, 2005,

Wisniewski submitted a motion to dismiss the suit pursuant to the Illinois Code of Civil Procedure, 735 Ill. Comp. Stat. 5/2-619(a)) ("§ 2-619"). Asset Acceptance, LLC never filed a response to the motion to dismiss, electing instead to stand on its complaint. The Circuit Court of Cook County thereafter granted Wisniewski's motion to dismiss and entered a dismissal order on April 14, 2005.

Wisniewski alleges that shortly after this first dismissal, she began to receive persistent telephone calls from defendants Asset Acceptance, LLC and Asset Acceptance Capital Corp. that were intended coerce her into paying the debt previously litigated. Wisniewski characterizes these telephone calls as part of a "non stop campaign of harassment . . . designed and calculated to harass, abuse, and coerce" her into paying the amount previously owed, despite defendants' knowledge that the debt had been legally discharged. Compl. ¶ 20. Phone calls and mailings from Asset Acceptance, LLC allegedly persisted throughout the summer of 2005, all demanding that Wisniewski pay off the debt, now identified as $2,312.30, and sometimes offering compromise settlements in lower amounts.

On August 20, 2005, defendants Gunn and Jutla, acting in their capacity as the in-house attorneys for Asset Acceptance, LLC, filed a second suit in the Municipal Division of the Circuit Court of Cook County seeking to recover the same debt from Wisniewski as had been sought in the lawsuit filed on December 30, 2004. Wisniewski alleges that defendants filed this second lawsuit without disclosing that it was a refiled lawsuit, and portrayed it as an original suit. Wisniewski received summons for this suit on February 20, 2006 and subsequently filed her appearance and jury demand in the case. A status hearing was set for April 10, 2006, but Asset Acceptance did not appear, and this suit too was dismissed for want of prosecution. Wisniewski

3

alleges that after the second lawsuit was dismissed, Asset Acceptance, LLC's employees continued to call her on a weekly basis demanding payment of the debt.

On June 28, 2006, Jutla, acting as Asset Acceptance's in-house attorney, submitted a motion to correct the record as to the April 10, 2006 dismissal order. The judge hearing the motion denied it, finding it to be a motion to vacate the dismissal for want of prosecution and, as such, untimely filed outside of the 30-day period required under the Illinois Code of Civil Procedure, 735 Ill. Comp. Stat. 5/2-1401. On September 27, 2006, Jutla presented the court with a motion to dismiss without prejudice the already dismissed suit filed on August 20, 2005. Wisniewski alleges that Jutla intentionally presented this motion in a different courtroom than that in which the June 28, 2006 motion had been argued and did so without notice to Wisniewski or her attorney. The Cook County court granted this motion on September 27, 2006, unaware of the fraud alleged herein. Wisniewski alleges that the harassing telephone calls continue.

## DISCUSSION

### I. Whether the April 14, 2005 Order Was a Dismissal on the Merits

In Counts I and II, Wisniewski alleges that defendants violated the FDCPA and the ICAA by making false representations about the character and legal status of the alleged debt and by engaging in a pattern of harassment and abusive communications in an attempt to collect the debt. Defendants assert that the April 14, 2005 court order was a dismissal without prejudice, entitling them to relitigate their suit against Wisniewski for recovery of the debt. They argue that because all of Wisniewski's claims hinge on the incorrect notion that the April 14, 2005 order was a final adjudication on the merits, dismissal is warranted. While the court agrees with defendants as to the procedural posture of the first state lawsuit, such a finding does not require

dismissal of all of Wisniewski's claims because not all are premised on the finality of the April 14, 2005 order.

Defendants argue that the April 14, 2005 court order was not an adjudication on the merits and that their second suit for recovery of the debt therefore did not violate the FDCPA or the ICAA. On February 10, 2005, Wisniewski brought a motion to dismiss Asset Acceptance, LLC's suit for recovery pursuant to 735 Ill. Comp. Stat. 5/2-619(a)2 and 9, arguing that Asset Acceptance had failed to attach a copy of the Cardholder or Customer Agreement as required by 735 Ill. Comp. Stat. 5/2-606. A motion to dismiss brought under § 2-619 seeks an "[i]nvoluntary dismissal based on certain defects or defenses." 735 Ill. Comp. Stat. 5/2-619. The effects of an involuntary dismissal are governed by Illinois Supreme Court Rule 273, which provides that "[u]nless the order of dismissal or a statute of this State otherwise specifies, an involuntary dismissal of an action . . . operates as an adjudication upon the merits." Ill. Sup. Ct. R. 273.

In the first state case, Judge Thomas M. Donnelly of the First Municipal District of the Circuit Court of Cook County signed an order of dismissal which read, in relevant part, "[T]he motion to Dismiss as to Defendant Joan Wisniewski is granted w/out prej. pursuant to 2-606 w/both parties to bear their respective costs." Defs.' Mem., Ex. A. This court interprets that language to mean that Wisniewski 's motion to dismiss was granted and that the case was dismissed without prejudice and without an award of attorneys' fees to the plaintiff.

Wisniewski essentially argues that any dismissal pursuant to § 2-619 *must* be a final adjudication on the merits, with the accompanying res judicata effect, regardless of whether it is ordered with or without prejudice. That interpretation, however, ignores the plain text of Illinois Supreme Court Rule 273, which provides an exception to the final adjudicative effect of a

dismissal under § 2-619, namely, when a court order "otherwise specifies." Ill. Sup. Ct. R. 273. Here, the order specified that the dismissal was without prejudice, a designation indicating that the case was "removed from the court's docket in such a way that the plaintiff may refile the same suit on the same claim." BLACK'S LAW DICTIONARY (8th Ed. 2004) (defining the term "dismissed without prejudice"); *see also Beck* v. *Caterpillar Inc.*, 50 F.3d 405, 407 (7th Cir. 1995) (lawsuit dismissed without prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(B) is "treated as if it had never been filed"); *DeLuna* v. *Treister*, 708 N.E.2d 340, 343, 185 Ill. 2d 565, 570, 236 Ill. Dec. 754 (1999) (noting that an order of dismissal without prejudice lacked the finality necessary for appeal). As such, defendants were not precluded by res judicata from refiling their suit against Wisniewski for recovery of the debt, as they subsequently did on August 20, 2005. Thus, to the extent that any of the FDCPA and ICAA claims alleged in Counts I and II, such as Wisniewski's claim under 15 U.S.C. § 1692e(2)(A) for false representation of the legal status of the debt, are premised on her contention that the April 14, 2005 dismissal order was an adjudication on the merits, those claims are dismissed with prejudice.

Wisniewski's complaint, however, alleges other violations of the FDCPA, apart from those involving the April 14, 2005 court order. Wisniewski alleges that defendants have engaged in a "non stop campaign of harassment . . . designed and calculated to harass, abuse and coerce" her into paying the alleged debt. Compl. ¶ 20. According to her complaint, defendants' plan was to "have its call centers engage in a continuous pattern of conduct by continually telephoning the plaintiff" in such a way as to harass and coerce her into paying the debt. *Id.* ¶ 19. On June 28, 2005, for example, a man who identified himself as Mr. Brooks, an employee of Asset Acceptance, allegedly called Wisniewski at her home and left a message to call him about

arranging payment of the debt.  When Wisniewski returned his phone call and explained her understanding of the adjudicative effect of the April 14, 2005 court order, Mr. Brooks responded that "it didn't matter what happened in Court" and threatened to continue calling her until the debt was paid in full.  *Id.* ¶ 23.  Another Asset Acceptance employee allegedly repeated this threat on August 8, 2005.  Then, while defendants' refiled suit was pending, Wisniewski allegedly received weekly telephone calls and letters designed to coerce her into paying the alleged debt.  This pattern of behavior allegedly continued after defendants' refiled suit was dismissed for want of prosecution in April 2006.

These allegations suffice to state a claim under the anti-harassment provisions of the FDCPA and the ICAA, such as 15 U.S.C. § 1692d(5), which prohibits debt collectors from "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."  15 U.S.C. § 1692d(5).  Thus, even if, as defendants assert, the alleged debt was still valid, this claim would not be rendered moot.  *See Keele* v. *Wexler*, 149 F.3d 589, 594 (7th Cir. 1998) ("[T]he FDCPA is designed to protect consumers from the unscrupulous antics of debt collectors, *irrespective of whether a valid debt actually exists*.") (emphasis added).

## II.  FDCPA Statute of Limitations

Defendants further argue that because Wisniewski fails to allege with specificity any collection activity in violation of the FDCPA after September 27, 2006, her claim under the Act is barred by its one-year statute of limitations.  Defs.' Mem. 7.  The court finds this argument unpersuasive.  Wisniewski correctly points out that having removed the instant suit from state to federal court, defendants cannot now argue that Illinois fact pleading requirements should apply.

Wisniewski has pled her FDCPA claim with specificity sufficient to meet the notice pleading standards laid out in Rule 8 of the Federal Rules of Civil Procedure.  Moreover, Wisniewski alleges in her complaint that the defendants' harassing telephone calls "are continuing," Compl. ¶ 34, which suggests that the behavior in violation of the FDCPA is ongoing and therefore within the statute of limitations period.  Defendants' motion to dismiss the claims in Count I on statute of limitations grounds is therefore denied.

### III.  Asset Acceptance Capital Corp.'s Status as a Debt Collector under the FDCPA

Defendants assert that Wisniewski's claims under the FDCPA should be dismissed as to defendant Asset Acceptance Capital Corp. because it is not a debt collector as that term is defined under the Act.  Wisniewski counters that Asset Acceptance Capital Corp.'s interdependence with Asset Acceptance, LLC renders the two entities a single economic enterprise and therefore jointly liable as debt collectors under the FDCPA.

The FDCPA states that a "debt collector" is a person who "uses any instrumentality of interstate commerce . . . in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. § 1692a(6).  A corporate parent is generally not subject to the FDCPA unless it can be demonstrated that it is a direct debt collector or that it collects debt indirectly by sharing an interdependence with its subsidiary that renders them a "single economic enterprise."  *Jenkins* v. *Union Corp.*, 999 F. Supp. 1120, 1142–43 (N.D. Ill. 1998); *Miller* v. *McCalla, Raymer, Padrick, Cobb, Nichols, and Clark, L.L.C.*, 214 F.3d 872, 876 (7th Cir. 2000) (noting that "save in exceptional circumstances," one affiliated corporation is not liable for the debts of the other, "a principle applicable to suits under the [FDCPA]").

In her complaint, Wisniewski alleges that Asset Acceptance Capital Corp. purchased her allegedly defaulted credit card debt from Providian Bank and then assigned it to its subsidiary, Asset Acceptance, LLC, for collection. Compl. ¶ 12. The allegations in the complaint do not suggest that Asset Acceptance Capital Corp. was directly engaged in any debt collection activity. Wisniewski alleges that the collection lawsuits filed in the Circuit Court of Cook County were filed on behalf of Asset Acceptance, LLC, not Asset Acceptance Capital Corp., through Asset Acceptance, LLC's agents and employees, Sanjay S. Jutla and Allen Gunn.

Defendants cite *Scally* v. *Hilco Receivables, LLC*, 392 F. Supp. 2d 1036 (N.D. Ill. 2005), in support of their contention that Asset Acceptance Capital Corp.'s status as the parent of Asset Acceptance, LLC does not make the former a debt collector under the FDCPA. In *Scally*, a summary judgment decision, the court considered whether defendant Hilco, a company that had assigned the plaintiff's account to co-defendant MRS for collection purposes but had not directly engaged in any collection activity, could be liable for MRS's FDCPA violations. *Id.* As the court explained, the central issue was whether "MRS [was] an agent of Hilco such that Hilco might be vicariously liable for MRS's actions." *Id.* at 1038. Finding that the evidence was "not sufficient to establish that MRS acted merely as an agent of Hilco," the court declined to hold Hilco vicariously liable for MRS's FDCPA violations. *Id.* at 1040–41; *see also Schutz v. Arrow Fin. Servs., LLC*, 465 F. Supp. 2d 872, 876 (N.D. Ill. 2006) ("[A] debt collector may be held vicariously liable for the actions of a second debt collector working as an agent of the first . . . ."); *Randle* v. *GC Servs., L.P.*, 25 F. Supp. 2d 849, 851 (N.D. Ill.1998) (noting that general principles of agency and partnership law may be used to determine liability under the FDCPA).

In this case, however, defendants have made assertions clearly implying that Asset Acceptance, LLC is the agent of Asset Acceptance Capital Corp. For example, in support of their motion to dismiss Wisniewski's civil conspiracy claim, defendants argue,

> Asset Acceptance Capital Corp, its subsidiary, Asset Acceptance, LLC and its Asset Acceptance, LLC's in-house counsel, Jutla and Gunn, cannot be considered co-conspirators. As a general rule of law, principals and agents are legally incapable of conspiring with one another because the acts of an agent are considered the acts of his principal. As a result, plaintiff cannot maintain a cause of action for civil conspiracy against Capital Corp., Asset, Jutla and Gunn.

Defs.' Mem. at 8–9 (citations omitted). Having indicated—albeit in support of a separate argument—that Asset Acceptance Capital Corp. and Asset Acceptance, LLC have a principal–agent relationship, defendants have effectively mooted their contention that the complaint is devoid of facts indicating that the former can be held liable for the latter's violations of the FDCPA. Defendants' motion to dismiss Wisniewski's FDCPA claims against Asset Acceptance Capital Corp. is therefore denied.

**IV. The ICAA Claims Against Asset Acceptance, LLC and Asset Acceptance Capital Corp.**

Defendants contend that Wisniewski's claims against them under the ICAA (Count II) should be dismissed because the ICAA, which was recently amended, did not apply to Asset Acceptance, LLC or Asset Acceptance Capital Corp. at the time the August 20, 2005 lawsuit was filed. In response, Wisniewski argues that the definition of a debt collector under the earlier version of the ICAA still encompasses debt purchasers and assignee debt collectors such as the defendants.

The ICAA was amended on January 1, 2008 to "harmonize State law with federal law and thereby provide better protections for Illinois consumers." Transcript of Illinois Senate, 95th Gen. Assemb., Sess. No. 28, at 51 (April 19, 2007) (statement of Sen. Don Harmon). With the

FDCPA in mind, the definition of "debt collector" or "collection agency" was amended to "any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection." 225 Ill. Comp. Stat. 425/2. This was a change from an earlier version of the ICAA, which defined a collection agency as "any person, association, partnership, [or] corporation . . . who, for compensation, either contingent or otherwise, or for other valuable consideration, offers services to collect an alleged delinquent debt." 225 Ill. Comp. Stat. 425/2.02 (repealed Jan. 1, 2008); *accord Kim* v. *Riscuity, Inc.*, No. 06 C 1585, 2006 WL 2192121, at *2 (N.D. Ill. July 31, 2006).

Defendants make much of this repealed language, arguing that because neither Asset Acceptance Capital Corp. nor Asset Acceptance, LLC were in the business of collecting debt for a fee on behalf of others, but rather collected debt that the former had purchased and assigned to the latter, they were not subject to the provisions governing debt collectors under the FDCPA. Defs.' Mem. 13–14. They cite *Rice* v. *Palisades Acquisition XVI, LLC*, No. 07 C 4759, 2008 WL 538921 (N.D. Ill. Feb. 25, 2008), in which the court, on a motion to reconsider, found that the pre-2008 ICAA did not apply to the defendant corporation because it was not engaged in the collection of debt for another party's benefit but, rather, was attempting to collect debt for itself. *Id.* at *3.

A number of other state and federal courts interpreting Illinois law, however, have read the pre-2008 ICAA to apply to parties that purchase debt and assign collection to a subsidiary or third party. In *People ex rel. Daley* v. *Datacom Systems Corp.*, 585 N.E. 2d 51, 146 Ill. 2d 1, 165 Ill. Dec. 655 (1991), the Supreme Court of Illinois analyzed the repealed version of the definition of "debt collector," 225 Ill. Comp. Stat. 425/2.02, alongside another provision of the

ICAA, 225 Ill. Comp. Stat. 425/3, which lists certain conduct that constitutes collection agency behavior. 585 N.E. 2d at 60. This approach was followed in *Kim* v. *Riscuity, Inc.*, No. 06 C 1585, 2006 WL 2192121, at *2 (N.D. Ill. July 31, 2006), where the court noted that "[t]he ICAA . . . provides that a person or corporation acts as a collection agency when it ' . . . buys accounts, bills or other indebtedness with recourse and engages in collecting the same.'" *Id.* at *2 (quoting 225 Ill. Comp. Stat. 425/3). In that case, Riscuity had allegedly purchased the plaintiff's defaulted debt from a third party and retained a law firm to collect it. *Id.* at *1. The court found that this behavior fit the description of a collection agency under 225 Ill. Comp. Stat. 425/3 and that, consequently, the requirements of the ICAA applied to Riscuity. *Riscuity*, 2006 WL 2192121, at *2. The instant case is analogous, as Asset Acceptance Capital Corp. buys debt and then "engages in collecting the same" through its subsidiary, Asset Acceptance, LLC.

Moreover, even if the ICAA did not apply to defendants' actions prior to the 2008 amendments to the ICAA, Wisniewski has alleged violations of the ICAA that post-date these amendments sufficient to save her claim. In her complaint filed April 10, 2008, Wisniewski alleges that the harassing telephone calls from the defendants, allegedly made in violation of § 9 of the ICAA, continued up to the time of filing. Compl. ¶ 34. Defendants' motion to dismiss Wisniewski's ICAA claims on the ground that the ICAA does not apply to them is therefore denied.

## V. The Civil Conspiracy Claim

Defendants argue that Wisniewski's civil conspiracy claim (Count III) fails because she has not pled that an independent tortious act has been committed. Defs.' Mem. 9. As discussed

above, however, the court has found that Wisniewski has stated a claim under the FDCPA, and that claim supports a civil conspiracy cause of action.

Defendants also argue that Wisniewski's allegations do not support its civil conspiracy claim because the relationship between defendant Asset Acceptance Capital Corp. and its subsidiary Asset Acceptance, LLC, as well as the relationship between Asset Acceptance, LLC and Jutla and Gunn, its in-house attorneys, are those of principal and agent, parties that are "legally incapable of conspiring with one another." Defs.' Mem. 8. In response, Wisniewski cites her allegation that defendants conspired with "unknown parties" to ensure that the Cook County judge hearing their motion to dismiss without prejudice did not have a complete court file before issuing the September 27, 2006 order. Pl.'s Resp. 8. She further argues, in the alternative, that Gunn and Jutla were acting out of self-interest and that their actions therefore fall outside the scope of the rule barring conspiracy claims against a principal and its agent.

As a general rule, an agent is not liable for conspiring with its principal when acting in an official capacity for the principal, because "the acts of an agent are considered in law to be the acts of the principal." *Buckner* v. *Atl. Plant Maint., Inc.*, 694 N.E. 2d 565, 571, 182 Ill. 2d 12, 230 Ill. Dec. 596 (1998). There are, however, two limited exceptions to this rule: (1) where individual agents act out of self-interest or (2) where the principal has conspired with a third-party. *Zic* v. *The Italian Gov't Travel Office*, 130 F. Supp. 2d 991, 997 (N.D. Ill. 2001).

In her complaint, Wisniewski alleges that "all of the[] defendants" conspired to enter an order of voluntary dismissal in the lawsuit already dismissed on April 10, 2006 for want of prosecution. Compl. ¶ 91. She also alleges that the four named defendants "conspired to collect a debt that did not exist," thereby participating in "unlawful harassment and collection efforts"

against her.  *Id.* ¶93.  These particular allegations suggest a conspiracy between the defendants acting in their respective roles as principals and agents and must therefore be dismissed.

Wisniewski's remaining allegations in Count III involve a conspiracy between the defendants, including Gunn and Jutla, and "unknown parties" to manipulate the court file in order to obtain a favorable voluntary dismissal order.  Compl. ¶ 91.  The court interprets this as an allegation of a conspiracy between the defendants and third parties, which would ostensibly fall into the second exception to the bar against principal–agent conspiracy claims.  *See Zic*, 130 F. Supp. 2d at 997.  Wisniewski alternatively suggests that Gunn and Jutla manipulated the court file on their own, "acting out of self interest to conceal their incompetence from their principal and create the impression they could still pursue Wisniewski," Pl.'s Resp. at 9–10, which would ostensibly fall into the first exception to the bar against principal–agent conspiracy claims.  *See Zic*, 130 F. Supp. 2d at 997.

On a motion to dismiss, however, it is not sufficient for a civil conspiracy claim to survive the principal–agent bar.  At a minimum, the plaintiff's conspiracy allegations must "indicate the parties, general purpose, and approximate date, so that the defendant has notice of what he is charged with."  *Walker* v. *Thompson*, 288 F.3d 1005, 1007 (7th Cir. 2002); *accord Hoskins* v. *Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003).  In *Hoskins*, the plaintiff alleged that Poelstra, a private citizen, engaged in a civil conspiracy with the Milwaukee Department of Neighborhood Services to violate the plaintiff's due process rights and acquire a portion of his land.  *Id.* at 763.  In his complaint, the plaintiff identified the alleged co-conspirators, Poelstra and certain employees of the Milwaukee Department of Neighborhood Services, and provided an

explanation for the purpose behind the conspiracy, the acquisition of land through influence in city government.  *Id.* at 763–764.

Here, in contrast to *Hoskins*, Wisniewski alleges that vaguely-described third parties assisted in ensuring that the court's file for the September 27, 2006 motion to dismiss "was short so as the Judge to whom they would present their motion would not have the original court file . . . thereby insuring the entry of the voluntary dismissal order."  Compl. ¶ 91.  Wisniewski fails to provide any notice to defendants as to who these third parties might be or where they might be found.[2]  Wisniewski likewise fails to provide any indication of the purpose behind the third parties' alleged actions.  The civil conspiracy claim (Count III) is therefore dismissed without prejudice.

## VII.  The Malicious Prosecution Claim (Count IV)

In order to prevail on a malicious prosecution claim under Illinois law, a plaintiff must demonstrate "(1) the commencement or continuance of an original criminal or civil judicial proceeding by the defendant; (2) the termination of the proceeding in favor of the plaintiff; (3) the absence of probable cause for such proceeding; (4) the presence of malice; and (5) damages."  *Logan* v. *Caterpillar, Inc.*, 246 F.3d 912, 921–22 (7th Cir. 2001).  The absence of even one of these elements precludes recovery.  *Id.* at 922.

Defendants move to dismiss Wisniewski's malicious prosecution claim on the ground that it fails to meet the required elements for such a claim.  First, they argue that Wisniewski's allegations fail to satisfy the third element because the August 20, 2005 lawsuit was brought with sufficient probable cause.  They also argue that Wisniewski fails to sufficiently allege any

---

[2] Defendants infer from Wisniewski's complaint that these unnamed third parties work at the Cook County courthouse, but the complaint does not even specify that much.  *See* Defs.' Reply at 7.

15

"special injury," apart from "the usual" time and costs associated with defense of a lawsuit, sufficient to satisfy the fifth element. Def.'s Mem. at 11.

Wisniewski's allegations as to her malicious prosecution claim hinge entirely on the assumption that the April 14, 2005 court order "terminated any claim for money" that defendants may have had against her. Compl. ¶ 103; *see also id.* ¶ 106 (alleging that defendants filed the second lawsuit in the Circuit Court of Cook County "despite knowing that this second lawsuit was without merit given the prior dismissal"). Having found that the initial suit was dismissed without prejudice on April 14, 2005, the court finds that Wisniewski cannot establish that the August 20, 2005 suit was brought without probable cause. Wisniewski's malicious prosecution claim (Count IV) must therefore be dismissed.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss [#13] is granted in part and denied in part. The motion to dismiss is denied as to plaintiff's FDCPA claims in Count I against defendant Asset Acceptance Capital Corp. To the extent that any of the FDCPA and ICAA claims alleged in Counts I and II, such as Wisniewski's claim under 15 U.S.C. § 1692e(2)(A) for false representation of the legal status of the debt, are premised on her contention that the April 14, 2005 dismissal order was an adjudication on the merits, those claims are dismissed with prejudice. The motion to dismiss is denied as to the other FDCPA and ICAA claims alleged in Counts I and II, such as plaintiff's claim under 15 U.S.C. § 1692d for harassing or abusive debt

collection practices. Count III, plaintiff's civil conspiracy claim, is dismissed without prejudice.

Count IV, the plaintiff's malicious prosecution claim, is dismissed with prejudice.

Dated: January 29, 2009          Enter: _____
                                      JOAN HUMPHREY LEFKOW
                                      United States District Judge