IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOAN WISNIEWSKI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 08 CV 2793 |
| v. | ) | |
| | ) | Judge Joan H. Lefkow |
| ASSET ACCEPTANCE CAPITAL | ) | |
| CORP., a Delaware Corporation, | ) | |
| ASSET ACCEPTANCE, LLC, a | ) | |
| subsidiary and agent of ASSET | ) | |
| ACCEPTANCE CAPITAL CORP., | ) | |
| and SANJAY S. JUTLA and ALLEN | ) | |
| GUNN, individually and as employees | ) | |
| and agents for ASSET ACCEPTANCE, | ) | |
| LLC, a subsidiary and agent of ASSET | ) | |
| ACCEPTANCE CAPITAL CORP., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Joan Wisniewski sued Asset Acceptance Capital Corporation; Asset Acceptance, LLC, a limited liability company and subsidiary of Asset Acceptance Capital Corporation; Sanjay S. Jutla; and Allan Gunn in the Circuit Court of Cook County, alleging violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.*, the Illinois Collection Agency Act, 225 Ill. Comp. Stat. 425/1a *et seq.*, and Illinois common law claims of civil conspiracy and malicious prosecution. Defendants removed the case to federal court. This court dismissed the malicious prosecution count with prejudice and the civil conspiracy count without prejudice. Wisniewski has filed an amended claim of civil conspiracy (Count III of the Amended Complaint).

1

Defendants have moved to dismiss. For reasons set out below, defendants' motion [#29] will be granted.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges a complaint for failure to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6); *Gen. Elec. Capital Corp.* v. *Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). The court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *Dixon* v. *Page*, 291 F.3d 485, 586 (7th Cir. 2002).

## FACTS

The alleged facts, taken as true for the purpose of this motion, are summarized in this court's Opinion and Order of January 29, 2009 (Docket Entry No. 23) and will be repeated here only as necessary to resolve the motion.

On December 20, 2004, Gunn and Jutla while acting in their capacity as in-house counsel for Asset Acceptance, LLC ("Acceptance"), an agent of Asset Acceptance Capital Corporation, filed suit in the Circuit Court of Cook County against Wisniewski to recover the full value of a debt in the amount of $2,306.00. The case was dismissed without prejudice on April 14, 2005. On August 20, 2005, Gunn and Jutla refiled the law suit (Case No. 05-M1-158260). Wisniewski, by her counsel, filed her appearance and jury demand. On April 10, 2006, Gunn and Jutla did not appear for a set status hearing, and the law suit was dismissed for want of prosecution.

On June 28, 2006, Jutla submitted a motion to correct the record of the April 10, 2006 dismissal order. The judge deemed the motion as one to vacate the dismissal for want of

prosecution. As such, it was untimely filed under Illinois Code of Civil Procedure, 735 Ill. Comp. Stat. 5/2-1401, which allows 30 days to move for relief from judgment.

On September 27, 2006, without notice to Wisniewski, Jutla moved for voluntary dismissal without prejudice of the already dismissed law suit. Gunn and Jutla presented the motion with the express intent of hiding from the judge the fact that the law suit had been dismissed for want of prosecution. In order to do so, Gunn and Jutla engaged a cooperating court employee who facilitated their scheduling Acceptance's motion in an improper court room and replacing the true court file with a dummy "half sheet." This dummy half sheet omitted four previous docket entries so the judge looking at the file would be unaware that it had lost jurisdiction because of the dismissal more than 30 days earlier.[1] Jutla and Gunn did this in order to conceal from their employer, Acceptance, their "incompetence" in handling the law suit.

About two or three weeks after the voluntary dismissal, Acceptance resumed making demands of Wisniewski for payment, which demands are continuing. Wisniewski claims that the defendants conspired with someone outside Acceptance to collect a debt that did not legally exist and thereby participated in unlawful harassment and collection efforts against her, causing her injury.

---

[1] The paper half sheet contains only the date the law suit was filed (August 20, 2005), the date of the appointment of a special deputy (November 10, 2005), the motion to strike filed on August 23, 2006, and the September 27, 2006 dismissal without prejudice. Ex. 1 to Wisniewski's Resp. An electronic court record of the case activity (Ex. A to Defendants' motion to dismiss) shows additional entries, most notably, the April 10 DWP, the June 7 motion (to clarify) and the denial of the motion on June 28.

**ANALYSIS**

Defendants contend that the civil conspiracy complaint, as one containing averments of fraud, fails to meet the specificity requirement of Federal Rules of Civil Procedure 9(b); fails to allege injury to Wisniewski; and persists in alleging a conspiracy between principal and agent, which this court has already rejected. The motion can be resolved on the second argument even if it is assumed that the complaint is sufficiently specific.

Defendants argue that Wisniewski's conspiracy claim fails as she has not sufficiently pled a connection between the conspiracy and damages. They contend that because the law suit had been dismissed twice before the motion to voluntarily dismiss was filed, the fraud had no effect. In other words, if it was injurious to resume debt collection after two dismissals, any resumption after June 28, 2006 would have been injurious, whether or not the later fraud on the court occurred. Wisniewski's response to this argument is that even though Gunn and Jutla were misinformed about the effect of the September 27 dismissal, their deceptions caused their employer to believe it could resume collection efforts after September 27, as it did, and that caused Wisniewski injury.

Wisniewski's response is unconvincing. This complaint assumes that Acceptance was never informed of the June 28 dismissal and Acceptance (wrongly) believed that a dismissal without prejudice freed it to resume collection activity. Under these assumptions, all that Gunn and Jutla did was postpone Acceptance's discovery of the dismissal. Had Acceptance learned earlier, the only reasonable inference is that it would have resumed debt collection earlier because it did not see a second dismissal as a bar to debt collection. Thus, the court finds that the alleged civil conspiracy did not injure Wisniewski.

## **CONCLUSION AND ORDER**

For the foregoing reasons, defendants' motion to dismiss [#29] is granted. Count III of the Amended Complaint is dismissed with prejudice.

Dated: February 4, 2010          Entered: _____

                                                        JOAN HUMPHREY LEFKOW
                                                        United States District Court Judge